UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

    *vs.*                                                     Case No. 16CR21

SAMY HAMZEH,

    *Defendant*.

## FOURTH PRETRIAL MOTION:
## MOTION TO COMPEL

Samy Hamzeh, by counsel, files this motion to compel the government under Rule 16 and *Brady* to have all of the recorded conversations in this case transcribed.

This was a four-month long investigation, involving two confidential sources, who, at times, met with Hamzeh almost daily. One of the confidential sources was a close friend of Hamzeh; the other was an acquaintance and apparently seasoned informant for the FBI. The investigation produced over a hundred disks of discovery, many of which center on conversations between Hamzeh and the confidential sources. Virtually the entirety of these conversation are in Arabic. And these conversations are critical to the outcome of this case because the primary issue at trial will be whether Hamzeh was entrapped into possessing these machine guns.

When entrapment is the defense, the government has to prove that law enforcement officers and their agents did not persuade or otherwise induce the defendant to commit the offense; or that the defendant was predisposed to commit the offense before he had contact with law enforcement officers or their agents. *United States v. Ellis*, 23 F.3d 1268, 1271 (7th Cir. 1994), *United States v. King*, 75 F.3d 1217, 1223–24 (7th Cir. 1996). To that end, the jury is supposed to consider eight factors:

1. The defendant's background, including his prior criminal history;
2. Whether the informants first suggested the criminal activity;
3. Whether the defendant engaged in the criminal activity for profit;
4. Whether the defendant was reluctant to engage in criminal activity;
5. Whether law enforcement officers or their agents merely invited or solicited the defendant to commit the offense;
6. The nature and extent of any pressure or persuasion used by law enforcement officers or their agents;
7. Whether law enforcement officers or their agents offered the defendant an ordinary opportunity to commit a crime or instead offered the defendant exceptional profits or persuasion;
8. The defendant's ability to commit the crime without the assistance of law enforcement officers or their agents.

Seventh Circuit Pattern Jury Instruction 6.05 (Entrapment Factors); *see also United States v. Mayfield,* 771 F.3d 417, 434–35 (7th Cir. 2014) (en banc). None is dispositive

and under this Circuit's precedent the list isn't even exclusive because jurors can look at "other conduct" by the government:

> The "other conduct" may be repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need, sympathy, or friendship, or any other conduct by government agents that creates a risk that a person who otherwise would not commit the crime if left alone will do so in response to the government's efforts.

*Id.* at 441. In this case, all of it will factor into whether Hamzeh was induced into engaging into criminal activity—namely possessing the weapons charged in the Indictment.

So in this case with over one hundred of disks of discovery and hours and hours of recorded conversations taken over months and months of investigation every detail is going to matter. These include: Who brought up the idea of a machine gun and when? Whether Hamzeh tried to back away from criminal conduct? What sort of pressure was applied to him? What was the value of the gun on the open market versus what the agents sold it to Hamzeh for? Whether Hamzeh could have gotten a machine gun without the FBI providing one? What were the informants' incentives for working for the FBI? The list can go on and future litigation will focus on those issues. Again, no one factor among these illustrative ones will prove Hamzeh's innocence but each have to be considered by the jury, and, of course, some carry more weight than others. Common sense dictates that who first suggested the criminal activity; whether Hamzeh was reluctant to engage in criminal activity; and the nature and extent of the pressure

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC

or persuasion the informants used will predominate over the others. *Id.* at 442 ("In the end, the inferences to be drawn from the evidence as a whole are varied and ultimately for the jury."). And those points will depend on precisely what was said between Hamzeh and the informants.

The problem is that the defense doesn't know what was precisely said between the informants and Hamzeh. One reason the defense doesn't know is because the government has produced summaries of the translations rather than verbatim transcripts as to most conversations. But the summaries lack the precision that the defense and the jury needs to weigh these facts and make a decision on whether Hamzeh was entrapped. And for that matter, they lack the precision that's needed for the defense to prepare for trial.

In this type of case, where one informant is a friend and another is an acquaintance who becomes a false friend, an entrapment defense means that every recording likely contains *Brady* material. That's because all of the recordings contain relevant and material information that has the tendency to show how the informants operated, what they did and said, and how (over time) Hamzeh responded to their pressure until he ultimately possessed the machine gun. Thus, the government has in its possession *Brady* material that the defense is entitled to understand with precision.

Recognizing the significance of having actual transcripts, rather than mere summaries, the defense has begun the process of obtaining its own translations. The translations thus far prepared provide a foundation for an entrapment defense

and bolster counsel's view that transcripts are essential. But in the end, it is time consuming, excessively expensive, and unfair to place this burden on the defense. That is all the more true given that if this case goes to trial, the government will most certainly have to prepare transcripts. Among other things, that means additional delay if the government waits to confirm that this is case is going to trial. And no doubt the government also will have its translators review any defense translations. Given these circumstances, the government should be required to prepare the transcripts sooner rather than later.

Beyond the government's *Brady* obligation, the Court also should order the government to prepare transcripts under Rule 16, which commands the government to produce the defendant's recorded statements. That requirement is meaningless if the statements are not required to be produced in a form usable to the defense, which an Arabic recording is not to English-speaking lawyers, judges, and jurors. In sum, the defense requests that the Court order the government to have all of the recordings in this case transcribed.

Dated at Madison, Wisconsin this March 3, 2017.

Respectfully submitted,

*/s/ Joseph A. Bugni*
Joseph A. Bugni
Craig W. Albee
Counsel for (Samy Hamzeh)

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
joseph_bugni@fd.org

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC
6
Case 2:16-cr-00021-PP   Filed 03/03/17   Page 6 of 6   Document 31