UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

  *vs.*　　　　　　　　　　　　　　　　Case No.　16-CR-21 (PP)

SAMY MOHAMMED HAMZEH,

    *Defendant*.

## MOTION FOR RELEASE ON BOND
## AND REQUEST FOR A BOND HEARING

Samy Hamzeh, by counsel, moves this Court to hold a bond hearing and release him pending trial. In support of this motion, the defense is filing a lengthy memorandum, transcripts, and a psychiatrist's letter outlining his findings after evaluating Hamzeh. Those documents and the memorandum reinforce these points for why pretrial release on electronic monitoring is appropriate:

- Hamzeh is a United States citizen, has no criminal record, and has been regularly employed throughout his adult life.
- The charged offenses, possession of machine guns and a silencer, do not carry a presumption of detention.
- Hamzeh's parents and younger sister live in Milwaukee, are very supportive of him, and are willing to have him live with them as he did prior to his arrest. If released, Hamzeh has a standing offer of employment.

*Federal Defender Services*
*of Wisconsin, Inc.*

- Location monitoring with GPS and confiscation of Hamzeh's passport are sufficient to address any minimal risk of flight.

Those are the typical points that speak in any case why release is appropriate. Three additional points address the specifics of the investigation and the allegations in the criminal complaint.

- Although the Complaint recounts very troubling discussions about a possible attack against a Masonic Center, the Complaint fails to disclose that ultimately Hamzeh adamantly refused to participate in any such plan.

- The day before his arrest he went to his informant friends and told them he had met with an Imam and that any attack would be "Haram"—against Islam. Despite repeated push back from the informants, Hamzeh rejected their overtures and lectured his informant friends about why such a plan would be wrong while also demanding that they meet with the Imam themselves.

- Although the Complaint reflects that Hamzeh momentarily took possession of two machine guns and a silencer, it does not discuss how that transaction came about. For four months, two informants prodded Hamzeh to make inflammatory statements and frequently lobbied Hamzeh to get a machine gun despite his repeated protests that all he wanted was a legal handgun to protect himself. Without the informants' involvement, Hamzeh had no desire, opportunity, or ability to obtain a machine gun.

These additional points speak to Hamzeh as an individual and why he is not a threat to the public:

- There is no evidence that Hamzeh has ties to any radical or terrorist group.

- The recordings reveal that Hamzeh hated ISIS and that the informants exploited that hatred by convincing Hamzeh that the Masons were affiliated with ISIS.

- A psychiatrist evaluated Hamzeh in jail has concluded, among other things, that Hamzeh "does not fit the profile of people who would kill strangers. He has a strong moral code with a very prominent conscience and empathy; he has always wanted to make his family proud and he is well aware acts of violence do not accomplish that; and he has not been violent in the past.

The last two points of consideration concern the time that Hamzeh has spent in custody, the delay until he finally gets to trial, and the prejudice that he will likely suffer with further incarceration.

- Hamzeh has been incarcerated for over 16 months and his trial is not scheduled until February 12, 2018—more than two years after his arrest. The extended delay has been required to obtain transcripts of the recorded conversations that revealed the degree of pressure the informants put on Hamzeh.

- Given his lack of criminal history, the guideline range for this offense is 24–30 months. So even if he was convicted at trial, he would have already served a guideline sentence. In this, a district where over 98% of cases are sentenced within or below the guideline range.

Simultaneously filed with this motion is the defense's memorandum setting out these points and giving the Court the case's factual background and arguments for release centering around the points outlined above.

Dated at Madison, Wisconsin this 22nd day of June, 2017.

Respectfully submitted,

/s/         *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI 53202
Tel.: (414) 221-9900
E-mail:    craig_albee@fd.org
           joseph_bugni@fd.org

*Counsel for Defendant*, Samy Hamzeh

4

*Federal Defender Services
of Wisconsin, Inc.*

Case 2:16-cr-00021-PP   Filed 06/22/17   Page 4 of 4   Document 46