UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                               Case No. 16-CR-21-PP

SAMY M. HAMZEH,

          Defendant.

## RECOMMENDATION

On February 9, 2016, a grand jury in this district returned a three-count indictment against Samy M. Hamzeh, charging him with three counts of knowingly receiving an unregistered firearm in violation of 26 U.S.C. § 5861(d). (ECF No. 6.) In Count One he is charged with knowingly receiving and possessing a 9mm machinegun, serial number S93040, which was not registered to him in the National Firearms Registration and Transfer Record (NFRTR). (*Id.*) In Count Two he is charged with knowingly receiving and possessing a 10mm machinegun, serial number 68-3049, which was not registered to him in the NFRTR. (*Id.*) And Count Three charges him with knowingly receiving and possessing a silencer, serial number 93040, which was not registered to him in the NFRTR. (*Id.*)

Hamzeh moves to dismiss Count Two on the ground that the undisputed facts do not establish that he violated 26 U.S.C. § 5861(d) because the temporary handling of

someone else's firearm, in his presence, does not give rise to a duty to register the firearm or pay a tax. (ECF No. 85 at 1.)

An indictment survives a motion to dismiss if it: (1) identifies the elements of the crime; (2) fairly informs the defendant of the charge so he may prepare a defense; and (3) enables the defendant to evaluate any double jeopardy problems. *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011). An indictment is reviewed on its face, regardless of the strength or weakness of the government's case. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). The inquiry is whether it is possible to view the conduct alleged as constituting the crime alleged. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). A portion of an indictment may be dismissed subject to a defense that may be decided solely on issues of law. *United States v. Labs of Virginia, Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. July 22, 2003).

Hamzeh describes that, after an exchange of money, he carried the bag containing two automatic weapons and a silencer to the informant's car. (ECF No. 85 at 2.) Neither of the weapons nor the silencer were registered to Hamzeh in the NFRTR. (ECF No. 6.) Hamzeh explains that he paid $270 for the machine gun referenced in Count One and for the silencer referenced in Count Three; CI Steve paid $300 for the machine gun referenced in Count Two. (ECF No. 85 at 2.)

Section 5861(d) makes it unlawful for any person to receive or possess a firearm which is not registered to him in the NFRTR. 26 U.S.C. § 5861(d). Hamzeh argues that

the term "possession" in § 5861(d) is different than "possession" in § 922(b). While momentary possession is sufficient for a conviction under § 922(b), it is not sufficient for a conviction under § 5861(d). Further, to prove a violation of § 5861(d), the government must show that defendant possessed or received an unregistered NFA firearm and that he knew it had the qualities that had to be registered. (ECF No. 85 at 3.) Hamzeh's position is that, since the firearm referenced in Count Two is the firearm that CI Steve purchased, which Hamzeh had no duty to register, the fact that it was in the same bag as the gun he purchased and placed in the car he arrived in cannot rise to the knowing possession of an unregistered firearm.

In response to Hamzeh's motion to dismiss Count Two the government concedes that the Seventh Circuit Court of Appeals has not addressed the *momentary* possession of a firearm in a § 5861(d) prosecution, but argues that there is no basis to treat § 5861(d) cases different than § 922(g) cases, in which the court has found that possession "may be either actual or constructive and it need not be exclusive but may be joint." *United States v. Taylor*, 728 F.2d 864, 868 (7th Cir. 1984). Furthermore, the term possession is treated uniformly under the Seventh Circuit Pattern Jury Instructions, where a person possesses an object if he has the ability and intention to exercise direction or control over the object and may possess an object even if he is not in physical contact with it and does not own it. *See Seventh Circuit Pattern Jury Instructions* 4.13 (2012).

Courts that have considered momentary possession under § 5861(d) have found that "possession" includes momentary possession. *See United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978) (§ 5861(d) is written in absolute terms and the fact that possession is momentary is immaterial); *United States v. Serafin*, 562 F.3d 1105, 1115 (10th Cir. 2009) (discussing momentary possession in the context of a National Firearms Act violation where the defendant was additionally charged under § 5861(d)).

An indictment sufficient on its face cannot successfully be challenged on the basis that the government may not be able to meet its burden of proof. *See United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). The court does not know the testimony that will be presented at trial and has not received a stipulation as to what defendant describes are undisputed facts. Thus, the question of whether the government can prove that Hamzeh's possession of the firearm that is the subject of Count Two gives rise to the obligations under § 5861(d) is a matter for trial, not a motion to dismiss. *See United States v. Brown*, 2015 WL 269205, at *3 (E.D. Wis. Jan. 21, 2015) (citing *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977)).

**IT IS THEREFORE RECOMMENDED** that Hamzeh's Motion to Dismiss Count Two of the Indictment be **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final

Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of February, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

5
Case 2:16-cr-00021-PP-WED   Filed 02/08/18   Page 5 of 5   Document 103