UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                           Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

          Defendant.

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION

      Defendant Samy Mohammed Hamzeh is charged in each count of a three-count indictment. He is charged in Count One with possessing a machinegun, in Count Two with possessing another machinegun, and in Count Three with possessing a silencer. Each of these counts allege a violation of 26 U.S.C. § 5861(d). The charges stem from Hamzeh's purchase of two machineguns and a silencer from undercover law enforcement officers on January 25, 2016.

      On January 6, 2018, the defendant filed a motion to dismiss Count Two of the indictment, arguing that "the undisputed facts that will be presented at trial" are insufficient to support a conviction on that count. R.85:11. More specifically, the defendant argued that the evidence would show that he did not possess (which he incorrectly defined as having "a recognized right to control [the] gun") the machinegun that is the subject of Count Two. R.85:11. The magistrate judge issued a recommendation that the motion be denied, concluding that, particularly because he could not know what the trial testimony would be and had not received a stipulation of facts,

1

the issue of whether the government could prove "possession" under § 5861(d) was a matter for trial rather than for a motion to dismiss. R.103:4.

The defendant has filed an objection to the magistrate judge's recommendation. In it, he specifically objects on two bases: (1) "the magistrate judge ultimately did not decide the issue raised by the motion," and (2) the magistrate judge should have dismissed Count Two because, according to the defendant, the relevant facts are not in dispute and are insufficient to support a conviction on that count. For the reasons that follow, the Court should accept the magistrate judge's recommendation and deny the defendant's motion to dismiss.

The defendant's motion challenges the legal sufficiency of the offense set forth in Count Two of the indictment. An indictment (or a count within an indictment) "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . " Fed. R. Crim. P 7(c)(1). An indictment is sufficient so long as it: "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States v. Miller*, No. 16-1679, 2018 WL 1150267, at *2 (7th Cir. Mar. 5, 2018).

A pretrial motion to dismiss an indictment (or a count in an indictment) requires the court to evaluate the sufficiency of the indictment, focusing on its allegations and accepting them as true. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id.* (internal quotation and citation omitted). "[A]t the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense," without

2

regard to the nature or strength of the government's evidence.  *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988).

An indictment generally is sufficient where, as here, it tracks the language of the charging statute.  *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997).[1]  An indictment need not set forth factual or evidentiary detail.  *Id.*

*Objection 1*:  *That the magistrate judge did not decide the issue raised by the motion.*

The defendant contends that "the magistrate judge ultimately did not decide the issue raised by the motion."  R.106:3.  The issue raised by the defendant's motion was whether "temporary possession" of a machinegun constitutes "possession" that triggers the tax and registration requirements of § 5861(d).  The defendant contended that it is a "fact that temporary possession of [an unregistered] machine gun . . . is not a crime."  R.85:8.  *See also* R.85:2-3 ("The temporary possession of another's firearm is not sufficient to trigger the requirements of tax and registration and does not give rise to criminal liability.").

The magistrate judge decided.  He correctly recognized that "Courts that have considered momentary possession under § 5861(d) have found that 'possession' includes momentary possession."  R.103:4.  In fact, those courts that have addressed the issue *all* have held that § 5861(d) prohibits knowing possession even if the possession is momentary, temporary, or

---

[1] Section 5861(d) provides:

> It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

Count Two of the indictment charges:

> On or about January 25, 2016, in the state and Eastern District of Wisconsin, Samy Mohammed Hamzeh knowingly received and possessed a firearm, an H& K MP-5 10mm machinegun, serial number 68-3049, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

3

fleeting. *See, e.g., United States v. Malachowski*, 2011 WL 1034264, at *2-*3 (2d Cir. Mar. 23, 2011) (holding a machinegun in hand while negotiating a purchase price is sufficient to find actual possession, "however briefly it occurred."); *United States v. Diecidue*, 603 F.2d 535, 564 (5th Cir. 1979) (finding "possession need only be momentary."); *United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978) ("Section 5861 is written in absolute terms. That possession is momentary is immaterial."); *United States v. Serafin*, 562 F.3d 1105, 1115 (10th Cir. 2009) (Section § 5861(d) "proscribes even fleeting possession.").

Of course, the magistrate judge stopped short of holding that the defendant's proffered facts are sufficient to conclusively establish the possession element of the offense charged in Count Two.[2] Instead, the magistrate judge correctly found that the issue of whether the government can prove possession "is a matter for trial, not a motion to dismiss." R.103:4.

*Objection 2*: *"The problem with the magistrate judge's determination is that there was no dispute on the facts so he had a foundation on which to rule on the legal merits of the claim.*

The defendant asserts that there is no factual dispute between the parties and that the magistrate judge therefore was left with a purely legal question the merits of which – i.e., whether the proffered facts satisfy the "possession" element of § 5861(d) – he should have reached.

First, "[a] motion to dismiss is not intended to be a summary trial of the evidence." *United States v. O'Connell*, No. 17-CR-50, 2017 WL 4675775, at *2 (E.D. Wis. Oct. 17, 2017) (Griesbach, J.) (quoting *United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989)). There is no criminal analog to civil summary judgment. *See United States v. Brown*, No. 14-CR-82, 2015 WL 269205, at *3 (E.D. Wis. Jan. 21, 2015) (Adelman, J.); *United States v. Lupton*, No. 07-CR-

---

[2] And rightly so, given defendants' constitutional right to a jury determination on whether facts establish an element of an offense beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000).

4

219, 2007 WL 4303714, at *3 (E.D. Wis. Dec. 10, 2007) (Adelman, J.). Yet that is essentially what the defendant is seeking here. His position is that there is no dispute as to any material fact and that the undisputed facts entitle him to judgment as a matter of law. *Cf.* Fed. R. Civ. P. 56(a). There is no mechanism under the federal rules for granting that type of relief in a criminal case.

Second, as the magistrate judge correctly noted, the parties have not agreed or stipulated to a set of operative facts. R.103:4. At a number of points in his objection, the defendant asserts that the government has not disputed or objected to his factual assertions. A pretrial motion to dismiss an indictment raises primarily legal questions, not factual ones. Unlike civil pleadings, there is no rule applicable in criminal pretrial litigation over a legal that an allegation or factual assertion is admitted if not denied. *Compare* Fed. R. Civ. P. 8(b)(6). It is not necessary, in this context, to "exhaustively recount the facts surrounding the crime's commission." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997). Nor is the government required to provide the details of how it intends to prove an offense. *Id.* at 1191. But the government does not agree or stipulate to the facts offered by the defendant, and "[u]nless there is a stipulated record . . . a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000).

Third, the facts proffered by the defendant come from outside of the indictment. The external sources include an incomplete set of facts surrounding the defendant's possession of the machinegun that is the subject of Count Two; descriptions of some articles from the internet regarding opportunities to fire machineguns at shooting ranges; and a spreadsheet prepared by the defendant (also based on internet sources) listing places where people can rent machineguns.

5

At this stage, for purposes of a motion to dismiss, external proffered facts such as these may not be relied upon to test the sufficiency of the indictment. *See United States v. Di Fonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979) ("The defendant is not permitted to transcend the four corners of the indictment in order to demonstrate its insufficiency.").

Fourth, while the government does not agree that the relevant facts are undisputed, or that it is permissible at this stage in the proceedings to rely on facts outside of the indictment, even those facts set forth by the defendant are sufficient to establish possession. In his motion to dismiss, the defendant argued that the charge in Count Two of the indictment is based on his "temporary" handling of a machinegun and that that is not sufficient to establish possession under § 5861(d). As explained above, the courts to have addressed the issue all have determined that momentary possession can establish a violation of § 5861(d). That being said, again, it is for a jury at trial, rather than by the Court via a decision on a pretrial motion to dismiss, to determine whether the government has established knowing possession beyond a reasonable doubt. *See, e.g., Apprendi*, 530 U.S. at 477.

Finally, the defendant attempts to fit his motion to dismiss within a rare exception to the general prohibition on considering facts outside of the indictment. That exception, recognized in *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988), "applies only where the underlying facts are undisputed and the government does not object to the court examining facts outside the indictment." *Brown*, 2015 WL 269205 at *10. In this case, the government disputes the facts, objects to the Court considering facts outside the indictment, and maintains that the issue of whether the government can establish possession beyond a reasonable doubt is for the jury.

## **Conclusion**

Based on the foregoing, the government requests that the Court accept the magistrate judge's recommendation and deny the defendant's motion to dismiss Count Two of the indiectment.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2017.

s/ Gregory J. Haanstad
GREGORY J. HAANSTAD
Assistant United States Attorney
Attorney for the United States
Wisconsin Bar: 1036125
United States Attorney's Office
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
e-mail: greg.haanstad@usdoj.gov