UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,                )
                                         )
            Government,                  )  Case No. 16-CR-21
                                         )  Milwaukee, Wisconsin
   vs.                                   )
                                         )
SAMY MOHAMMED HAMZEH,                    )  March 21, 2018
                                         )
            Defendant.                   )

---

**TRANSCRIPT OF STATUS CONFERENCE**

BEFORE THE HONORABLE PAMELA PEPPER

UNITED STATES DISTRICT JUDGE

Official Transcriber:
Richard Derrick Ehrlich, RMR, CRR
richard_ehrlich@wied.uscourts.gov
(414) 290-2642

Proceedings recorded by electronic recording.
Transcript produced by computer-aided transcription.

```
                      A P P E A R A N C E S


     For the Government:   Gregory J. Haanstad
                           Paul L. Kanter
                           United States Department of Justice
                           Office of the U.S. Attorney
                           517 E. Wisconsin Street
                           Milwaukee, WI 53202
                           414.297.1700
                           greg.haanstad@usdoj.gov
                           paul.kanter@usdoj.gov


     For the Defendant:    Craig W. Albee
                           Federal Defender Services of
                           Wisconsin, Inc.
                           517 E. Wisconsin Street
                           Room 182
                           Milwaukee, WI 53202
                           414.221.9900
                           craig_albee@fd.org

                           Joseph A. Bugni
                           Appearing Telephonically
                           Federal Defender Services of
                           Wisconsin, Inc.
                           22 E. Mifflin Street
                           Suite 1000
                           Madison, WI 53703
                           608.260.9900
                           joseph_bugni@fd.org



     Samy Mohammed Hamzeh, defendant, present in person.
```

```
                   TRANSCRIPT OF PROCEEDINGS
                  Transcribed From Audio Recording
                         *       *       *
```

THE CLERK: The Court calls the Criminal Case 2016-CR-21, *United States of America vs. Samy Hamzeh*.

Please state your appearances starting with the attorneys for the Government.

MR. HAANSTAD: Good afternoon, Your Honor. Gregory Haanstad and Paul Kanter for the United States.

MR. ALBEE: Good afternoon, Your Honor. Craig Albee and Joe Bugni appearing with Mr. Hamzeh.

THE COURT: Good afternoon. Good afternoon, Mr. Hamzeh.

We had set this for a status conference ahead of the trial that we had I think most recently set for June 18th of this year. There were some moving parts and pieces. One of the reasons we adjourned the trial date the last time was because Mr. Albee and Mr. Bugni had been trying their best to go through the recorded conversations of which there are a number, and they're in Arabic, but it was taking longer to be able to get the translations of those Arabic transcripts than anybody had thought it might, and so they were working through that and trying to process that.

In addition, there were some motions in front of

1    Judge Duffin.  I think Judge Duffin has resolved those.  The
2    motion for Brady materials I think he has resolved.  And
3    then there was a motion to dismiss Count 2 of the
4    indictment.  I know he's written an R & R on that, or report
5    and recommendation, and there have been some objections
6    filed, and so that's now on my plate, and we're working on
7    that.  I don't have a decision for you yet, but hopefully
8    we'll have one relatively soon.
9              And so we had scheduled this status conference, I
10   think, in part just to kind of see where we were and see if
11   things were continuing to move and if we had hit any bumps
12   in the road toward that June 18th trial date.
13             And I understand that there had been some
14   communications with the parties with my office, and that
15   there may be some issues that have come up.  I don't know.
16   But I'll leave that to you all to report your respective
17   positions on where things are and how things are looking.
18             So perhaps let me start with the Government.
19   Mr. Haanstad.  Mr. Kanter.
20             MR. HAANSTAD:  Thank you, Your Honor.
21             The parties are still continuing to work together
22   to try to reconcile and work toward a working copy or set of
23   working copies of transcripts for the trial.  I wouldn't say
24   we've hit bumps in the road as you put it, but I think that
25   we've got a more realistic sense now of how long that

1    process is going to take, which is kind of what we expected
2    when what happened when we moved the last trial date to
3    June.
4            I think that the parties are in agreement that we
5    could use and need additional time to continue to work on
6    those issues.
7            I think the last time that we were in court, we
8    not only set June 18th as a tentative trial date, but we
9    also, I think, discussed -- and if we didn't discuss it with
10   the Court, the parties at least discussed a possible
11   alternative trial date in the middle or end of August.  And
12   my sense is that the parties are in agreement that that's a
13   date that would work much better and would allow the parties
14   to continue to work on these issues.
15           THE COURT:  Okay.  Thank you, Mr. Haanstad.
16           Mr. Albee or Mr. Bugni.
17           MR. ALBEE:  Yeah, Judge.  I may give a little bit
18   longer summary, but it ends up in the same place as
19   Mr. Haanstad does.
20           With respect to transcripts, I mean, it's true.
21   As Mr. Haanstad indicated, it is just a difficult process.
22   And I think in going through the transcripts we had and our
23   translator going through some, it appears some were
24   mislabeled.  There's some with significant errors.  There's
25   a number that are pretty good right off the bat with only

1  minor corrections.  And, you know, both parties recognize
2  that we really need to have accurate transcripts.  I think
3  it still looks promising that we'll have stipulated versions
4  of transcripts to use for trial, which would ultimately save
5  a lot of time rather than having competing translators
6  testify as to what things mean.
7          So we're hopeful that -- and, you know, our
8  concern is that Mr. Hamzeh has been waiting for a trial for
9  a long time, but the transcripts do need to be accurate.
10         Yesterday we received a number of discovery items
11  from the Government that I've had a chance to look at in a
12  very cursory fashion.  It looks like there's approximately
13  800 pages of surveillance reports, some text messages
14  between the informants and FBI agents.  There was a firearms
15  report, and then there are some photos and videos relating
16  to the surveillance.  I think that's the main thing.  And a
17  few additional unredacted reports, I guess, might be the
18  other thing.
19         The Court noted that Judge Duffin had ruled on our
20  Brady motion.  We will be filing an appeal from that order,
21  which I think is currently due tomorrow.  I would ask if
22  anyone has an objection to an additional day on that,
23  there's some things in the materials we received yesterday
24  that I might incorporate into that pleading.  So I neglected
25  to ask the Government beforehand.  That was my oversight,

1  but I was hoping to have an extra day on that.

2  THE COURT: Okay. That decision from Judge Duffin

3  was on March 8th.

4  MR. ALBEE: Yeah, that sounds right. So it would

5  be due tomorrow, or I would just ask until Friday.

6  THE COURT: Any objection from the Government?

7  MR. HAANSTAD: None, Your Honor. And I also

8  hadn't discussed this with the defense, but the Government

9  was going to ask for additional time also. I won't get into

10  too much of the details of it, but it relates to

11  Judge Duffin's order that the Government turn over the

12  underlying documentation related to the payments that were

13  made to the confidential sources.

14  The department is just working internally, mainly

15  our office with the FBI, to determine the feasibility of

16  that. So there's a possibility that we would -- depending

17  on how those discussions go, there's a possibility that we

18  would still object to that small part of Judge Duffin's

19  order, and we actually need a little bit more time.

20  THE COURT: That's what I was going to ask you.

21  Do you have a sense of what kind of time frame you're

22  looking at?

23  MR. HAANSTAD: I think two weeks would be

24  sufficient.

25  THE COURT: Okay. Because I don't think it makes

1  sense to set one deadline for one party to file an appeal.
2          MR. ALBEE: And that would be fine, Judge, if we
3  just set all objections off for two weeks.
4          THE COURT: Okay. All right.
5          MR. ALBEE: We haven't had sufficient time to talk
6  to the Government. With respect to the new discovery, there
7  are some things that we're hoping to flush out, and I guess
8  that would probably be a new motion rather than objections,
9  but we'll address that as need be.
10         So with that I do think of where the transcripts
11 still are, and having received a decent volume of material
12 yesterday, that additional time would be warranted,
13 particularly if the Court is available in August. We've had
14 a chance to discuss that with Mr. Hamzeh, who is
15 understandably frustrated, but I think if we can get a solid
16 date now, I mean, it's just what's necessary to try this
17 case.
18         I can tell the Court that we may seek some
19 reconsideration of bond. But in a lesser alternative to
20 that, under -- I think it's 3142(i) -- it does permit the
21 Court to, for example, release Mr. Hamzeh, I'll just say
22 hypothetically, from 9:00 a.m. to 3:00 p.m. to come to our
23 office if the marshals brought him in on a periodic basis to
24 go through discovery. We've been having trouble getting
25 enough time for him to review discovery in Kenosha and

```
 1    enough time with his lawyers.  So, obviously, I'm not asking
 2    the Court to respond to that in any way.  I just want to
 3    give a heads-up that the statute provides for that.  And I
 4    talked to Mr. Lush in the marshal's office, you know,
 5    that -- I mean, that's something that can be done if the
 6    Court orders it.  So that may be forthcoming.
 7              THE COURT:  Thank you, Mr. Albee.
 8              Okay.  So let's take care of the first issue,
 9    which is the deadline for parties to appeal Judge Duffin's
10    ruling on the motion for release of Brady materials.  Two
11    weeks puts us at about April 6$^{th}$.  Does that work for
12    folks knowing that -- probably there are some spring breaks
13    in there somewhere or something.  I don't know how that
14    impacts people.
15              MR. HAANSTAD:  It does for the Government,
16    Your Honor.
17              THE COURT:  Okay.
18              MR. ALBEE:  That'll be fine, Judge.
19              THE COURT:  All right.  So April 6$^{th}$, then, is
20    the extended deadline for anybody to file an appeal from
21    Judge Duffin's March 8$^{th}$ order, which is at docket No. 107
22    relating to the release of Brady materials.
23              And then you all had indicated August seemed a
24    more realistic trial date given these various issues.
25              If you'll just give me one second.  I apologize.
```

```
 1              We're still looking at the -- originally we've
 2     been operating all along under the two-week estimate.
 3              Does that still look like what we're talking
 4     about?
 5              MR. HAANSTAD:  Yes, Your Honor.
 6              MR. ALBEE:  Yes.
 7              THE COURT:  Okay.  Sorry.  Ms. Wrobel and I were
 8     just whispering about something that was on the docket.  We
 9     were trying to figure out what it was and whether it can be
10     moved and things of that nature.
11              It looks like the last two weeks of August,
12     August 20th through the 24th and 27th through the
13     31st, if we did some scooching, that we could accommodate
14     that.
15              Mr. Kanter is looking hesitant or something.
16              MR. KANTER:  I was just going to suggest, Judge,
17     that case is probably going to (indiscernible) Labor Day.
18              THE COURT:  Yeah.
19              MR. KANTER:  And is there any possibility of doing
20     it on the 13th?
21              THE COURT:  No.  That's why I didn't plug it in
22     there because I'm not here the 13th.
23              MR. KANTER:  Then it will have to be the 20th
24     through the 27th.  I am going to be gone as of
25     September 6th that I (indiscernible).  So two weeks and
```

```
 1    two days (indiscernible).
 2           THE COURT:  So we're now looking at more than two
 3    weeks?
 4           MR. KANTER:  No.  I'm just saying if it were
 5    (indiscernible).
 6           THE COURT:  Oh.
 7           MR. KANTER:  I can do it (indiscernible).
 8           THE COURT:  Okay.  Because I --
 9           MR. KANTER:  I don't see any reason why it can't
10    be done in those two weeks (indiscernible).
11           THE COURT:  Unfortunately, the first week of
12    August I have, but the week before that doesn't work.  And
13    as I indicated, the week of the 13th I'm not available.
14    So that's kind all I've got in August.
15           How about for the defense?  Mr. Albee?  Mr. Bugni?
16           MR. ALBEE:  That's fine.
17           THE COURT:  Okay.  Then let's do that.  We'll take
18    the June 18th date off, and we'll schedule the trial to
19    begin on Monday the 20th of August with the assumption and
20    hope that it will conclude by the end of the day on the
21    31st of August.  And that being the case, for our final
22    pretrial conference, is there any possibility that you all
23    are available the afternoon of the 26th of July, which is
24    Thursday?
25           MR. HAANSTAD:  Judge, the date appears to be open.
```

1  I'm concerned that that's a little bit early to take up some
2  issues that may come up.  I just know that it ends up being
3  the case, that is people prepare for trial and get more
4  focused, that things come up a little bit later than that
5  frequently.
6              THE COURT:  Yeah.  I guess I'm trying to -- I was
7  actually trying to build in a little bit of a cushion given
8  that -- in a case that's perhaps less fraught with issues,
9  that we can usually manage something like a couple weeks
10 before trial.  I didn't want to assume that that would be
11 workable here necessarily, but --
12             MR. HAANSTAD:  Your Honor, maybe if we set some
13 dates earlier than that for filing certain things so at
14 least the parties would have their respective positions to
15 the Court, things like expert disclosures and motions in
16 limine?
17             THE COURT:  That's fine.  I mean, the other
18 option -- I'm just looking to see what I've got that's
19 closer.  I've got the morning of August 1st.  I've got
20 August the 6th, actually, which is a Monday because there's
21 not -- I could do that day.
22             MR. ALBEE:  I think that would work well.
23             THE COURT:  August the 6th?  Okay.
24             How about we do, say, 9:00 a.m. on August the 6th
25 for the final pretrial conference?

13

1     MR. HAANSTAD:  Okay.

2     THE COURT:  And then as Mr. Haanstad suggests,
3  particularly I would think expert disclosures, maybe 404(b).

4     Is the Government going to be in a position to
5  turn over Jencks Act and Giglio sooner than the usual day or
6  so before trial?

7     MR. KANTER:  Most of it has already been turned
8  over, Judge.  There's not much left to (indiscernible).

9     MR. HAANSTAD:  Other than maybe grand jury
10 transcripts.

11    THE COURT:  3500?

12    And then motions in limine, I'd assume we want to
13 kind of get a date a little bit out ahead.

14    So in terms of expert witness disclosures, what's
15 a reasonable -- if we're talking about starting trial on the
16 20th, from the Government's perspective, what's a
17 reasonable disclosure deadline?

18    MR. HAANSTAD:  The parties actually have spoken
19 about this a little bit before this hearing.

20    THE COURT:  Okay.

21    MR. HAANSTAD:  And had talked about possibly 45
22 days out for the Government and 30 for the defense.

23    THE COURT:  Okay.

24    MR. ALBEE:  That makes sense to us.

25    THE COURT:  Okay.  So we got the July Fourth

```
 1       holiday in there.
 2               How about July 2nd for the Government?  It's a
 3       Monday before the holiday.
 4               MR. HAANSTAD:  Yeah.
 5               THE COURT:  And then for the defense, July 20th?
 6       Does that work?
 7               MR. ALBEE:  Yes.
 8               THE COURT:  So that's for expert disclosures.
 9               Assuming that there's no additional Giglio or
10       anything of that nature, 404(b), do you think that's been
11       disclosed already, or do you need a deadline for that?
12               MR. HAANSTAD:  I'm not sure that we'll have any,
13       but it makes sense to set a deadline for it.
14               THE COURT:  Okay.  So when would it be likely that
15       you think you might know?  I know that's a closer to trial
16       sort of thing.
17               MR. HAANSTAD:  Maybe just a few days before the
18       final pretrial date.
19               THE COURT:  Okay.
20               MR. ALBEE:  And, Judge, I don't know where we're
21       thinking about motions and motions in limine.  I think
22       Mr. Haanstad and I talked beforehand.  We're thinking, like,
23       21 days out.  If that were the case, it would be helpful to
24       have 404(b) just at least a few days before that.
25               THE COURT:  Twenty-one days out of the trial date?
```

```
 1              MR. ALBEE:  Yeah, on the motions in limine.
 2              THE COURT:  Okay.
 3              MR. ALBEE:  Which I think would be July 30th.  I
 4     don't know whether the Government would be open to providing
 5     404(b) some time the previous week?
 6              MR. HAANSTAD:  Sure.
 7              THE COURT:  Okay.  So if motions in limine are
 8     going to be due July 30th, then can we say -- do you want
 9     to do the 23rd for 404(b)?
10              MR. HAANSTAD:  Okay.
11              THE COURT:  July 23rd.
12              And then the grand jury transcripts, what were you
13     thinking in that regard, Mr. Haanstad?
14              MR. HAANSTAD:  I guess I was thinking the typical
15     24 days before -- sorry -- 24 hours before.
16              THE COURT:  That's not typical that I'm aware,
17     but, okay.
18              MR. ALBEE:  No, but it should be.  That's an
19     excellent suggestion.
20              THE COURT:  I was going to say, they're not going
21     to fight you on that.
22              Any objection to the standard schedule for grand
23     jury transcripts, Mr. Albee?
24              MR. ALBEE:  I guess, I think, at least something
25     more like at least a week in advance.
```

```
 1              THE COURT:  That's just what I was thinking is
 2     maybe the 13th of August ahead of the 20th.
 3              MR. HAANSTAD:  Okay.
 4              THE COURT:  So grand jury transcripts,
 5     August 13th.
 6              So we've covered experts, 404(b), grand jury,
 7     motions in limine.
 8              MR. ALBEE:  We had also discussed, I think, maybe
 9     jury instructions 21 days at the same time as the motions in
10     limine.
11              THE COURT:  That would be super.  That would help
12     me.
13              MR. ALBEE:  And I guess I would always give the
14     caveat, there might be a couple that trickle out after that,
15     but we'll try to come up with the core instructions early.
16              THE COURT:  Yeah.  I'm just looking at putting
17     together a packet that we can work from.
18              MR. ALBEE:  And then, Judge, I think I had
19     mentioned this at previous statuses, but we do intend to
20     request a questionnaire, and we'll endeavor to get that to
21     the Government at least 60 days in advance so we get it to
22     the Court hopefully with the agreed-upon questionnaire
23     early, you know, shortly after that.
24              THE COURT:  Sure.  Obviously, if you can reach an
25     agreed-upon questionnaire, that would be terrific, or in the
```

```
 1       alternative, at least point out the questions that you have
 2       a dispute over.  So that will give me an opportunity to take
 3       a look at the ones that are of concern.
 4              Thank you.  That's helpful.
 5              And in terms of the jury instructions, I think you
 6       all might know this, but if you're using standards -- I
 7       mean, patterns -- and a number of them will be.  I know a
 8       number of them won't.  But a number of them will be pattern
 9       instructions, all you need to do is to let us know the
10       number because we've got them in our system, and so we can
11       just go ahead and include the numbers of pattern
12       instructions.  Then all we need to do during the instruction
13       conference is talk about whether something needs to be
14       plural or singular or alternative language or things of that
15       nature.
16              So the only thing that you need to submit to us,
17       to me, in written form is anything that's not a standard
18       instruction.  And I would ask that you get that to me in a
19       Word document.  You can put all of your suggested
20       instructions in the same document, that's fine.  But that
21       then enables us to compile one set in Word, and then we can
22       work off of that one set.
23              And, again, we said July 30$^{th}$ for the jury
24       instructions.  Same deadline as the motions in limine.
25              Okay.  What else from the Government,
```

```
 1       Mr. Haanstad?
 2              MR. HAANSTAD:  Nothing else from the Government,
 3       Your Honor.
 4              THE COURT:  Okay.  Thank you.
 5              Mr. Albee, from the defense?
 6              MR. ALBEE:  No, Your Honor.  Thank you.
 7              THE COURT:  All right.  Thank you, everyone.
 8              And, Mr. Hamzeh, I know it doesn't seem like it,
 9       but everybody is working hard here.  We're trying to get
10       there.  Okay?
11              Thank you, everyone.
12              MR. HAANSTAD:  Thank you.
13          (Hearing concluded.)
```

# C E R T I F I C A T E

I, Richard D. Ehrlich, a Registered Merit Reporter and Certified Realtime Reporter, certify that the foregoing pages are a true and accurate transcription of the audio file provided in the aforementioned matter to the best of my skill and ability.

s/Richard D. Ehrlich    July 18, 2018
_____
Richard D. Ehrlich, Official Court Reporter