UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

*Plaintiff,*

Case No. 16-CR-21 (PP)

*vs.*

SAMY M. HAMZEH,

*Defendant.*

---

**THIRD MOTION TO COMPEL *Brady* AND RULE 16 MATERIAL: INTERCEPTED COMMUNICATIONS**

Samy Hamzeh, by counsel, moves to compel disclosure of Rule 16 and *Brady* material relating to recordings the government may have in its possession either involving a third informant or involving intercepted phone conversations. The government has indicated that it will file a motion under CIPA concerning the evidence at issue in this motion.

One difficulty the defense has had in this case is that the labeling and contents of the over 100 disks the government provided hasn't always been clear, which has made it time consuming and difficult for the defense to decipher the discovery. One example is Disk 118, which contains 14 recordings of phone calls and a chart describing the recordings. But the chart is confusing:

| File | Date | Time | Caller | Number Called | Translation |
| --- | --- | --- | --- | --- | --- |
| 1 | 1/9/2016 | 5:38:18 | 414-578- | | |
| 2 | 1/10/2016 | 22:45:24 | 414-578- | | CG1-CG-RC02-0001074087 0001074087 1074087 |
| 3 | 1/19/2016 | 19:53:32 | | 414-578- | |
| 4 | 1/20/2016 | 2:11:33 | 414-578- | | |
| 5 | 1/20/2016 | 23:20:46 | 414-578- | | CG1-CG-RC02-0001081944 0001081944 1081944 |
| 6 | 1/21/2016 | 0:01:44 | 414-578- | | CG1-CG-RC02-0001081986 0001081986 1081986 |
| 7 | 1/21/2016 | 23:15:57 | | 414-578- | CG1-CG-RC02-0001082604 0001082604 1082604 |
| 8 | 1/22/2016 | 0:06:59 | 414-578- | | |
| 9 | 1/22/2016 | 21:58:01 | | 414-578- | CG1-CG-RC02-0001083074 0001083074 1083074 |
| 10 | 1/23/2016 | 3:38:52 | | 414-578- | CG1-CG-RC02-0001083456 0001083456 1083456 |
| 11 | 1/23/2016 | 23:09:56 | | 414-578- | |
| 12 | 1/23/2016 | 23:37:05 | | 414-578- | |
| 13 | 1/23/2016 | 23:38:31 | | 414-578- | |
| 14 | 1/24/2016 | 0:41:28 | 414-578- | | CG1-CG-RC02-0001083959 0001083959 1083959 |

In addition to this unhelpful chart,[1] the government included summary translations for some of the files, which were recorded calls between Hamzeh and Steve or Mike. However, some of the 14 recordings were not translated. It wasn't clear where any of the conversations on the disk came from—were they, like many of the other disks, consensually recorded calls by the informants? Where were they from and who were they with? What number was the recording associated with? And what was the chain of custody for these recordings? These are natural and necessary questions for evidence that will be used at a criminal trial. This Spring the defense orally asked the government for more explanation about the recordings on this disk, but received no additional information.

With no response from the government to these oral inquiries and with the trial date fast approaching, the defense had all 14 files translated to identify the speakers and to gain a fuller command of the facts. Among the files that the defense had translated was file 4. The government had not translated this file nor provided any information beyond

[1] Defense counsel redacted the 578 phone number in the chart, which belonged to Hamzeh.

what is contained in the chart. Recently the defense learned that the recording is of a phone call between Hamzeh and a third person—not Steve or Mike.

The question is how did the government acquire a call between Hamzeh and this third person? There appear to be three possibilities:

- First, there is a previously undisclosed, third CHS, who also was recording calls at the government's behest and he recorded call number 4;
- Second, this third person recorded a random conversation with Hamzeh and then turned it over to the FBI, without a 302 or anything else documenting this fact or providing a chain of custody for the recording; or
- Third, and the most likely scenario, is that the government used a wiretap to record Hamzeh's phone conversations or otherwise intercepted those conversations—capturing his calls between (at the very least) January 9, and the day of his arrest.

This third scenario is the most likely for the following reason. This recorded phone call was made by Hamzeh to the other person and the recording captures the phone ringing before the other person picks up. This wouldn't happen if the other person was recording the call because the recording wouldn't begin until he picked up Hamzeh's call. Thus, Hamzeh has strong reason for believing the government intercepted his phone calls despite previous denials. The defense has presented the government with its translation of call number 4 and asked for a clear answer to how this call came into its possession. The defense further has requested all evidence relating to these 14 calls on Disk 118, including whether these calls were intercepted or whether there was another informant, as well as for associated evidence. The government has declined to provide the defense with more information.

With each scenario, the defense is entitled to further discovery. Under the first scenario, the defense is entitled to all the reports that were created about this third CHS and Hamzeh, all the text messages that the agents sent him, and all the recordings he made of Hamzeh. We want to know how this third individual, who was working with the FBI, influenced Hamzeh. Naturally, the entrapment defense becomes even stronger if there is a third CHS. Under the second scenario, the government must (at the very least) provide a chain-of-custody report about how this recording came into its possession.

The third scenario, which appears the most likely, presents a different problem. If the government intercepted Hamzeh's phone calls, then that is both contrary to the government's prior representations and the failure to disclose that fact and evidence violates Rule 16 and *Brady*. *See* Fed. R. Crim. P. 16(a)(1)(B) (covering the defendant's statements); *id.* 16(a)(1)(E)(i) (covering items material to preparing a defense). *See also* 18 U.S.C. § 2518(8)(d) (requiring notice that the government has intercepted communications). Of course, there also is the serious question of the legality of any such interception and whether the government derived evidence from unlawfully intercepted calls. The defense has previously wondered whether Hamzeh's phone was tapped; and it requested that information from the government and in January filed a motion to compel, seeking its production. *See* R.82:13–15. In particular, the defense asked in subpart c.iv of the motion for "All recorded phone calls, captured either by the informants or the FBI or any other governmental agency." *Id.* at 15. In response, the government filed this:

iv. **All recorded phone calls, captured either by the informants or the FBI or any other governmental agency; and Logs or other documentation regarding this information.**
The government is not in possession of anything further responsive to this request.

R.93:2. And at the hearing, when the defense was concerned that the government's attorneys were using the term "government" in a limited sense to only include the U.S. Attorney's office, the government's attorneys disabused the defense and the Court of that fear.

> **THE COURT:** Well, let's stop right there and ask the -- Mr. Haanstad or Mr. Kanter. When these responses say, you know, we don't have anything, are you referring to "we," the U.S. Attorney's office or is it broader than that?
>
> **MR. HAANSTAD:** It's broader than that. We're referring to the prosecution team which includes our office and the FBI.
>
> **THE COURT:** Okay.
>
> **MR. ALBEE:** And another -- and I appreciate that.

R. 114 at 5.

If there are intercepted calls, these representations appear inaccurate or at least misleading. Further, if Hamzeh's phone was tapped, then the defense has twice been on the brink of trial without anything close to a full picture of this case—a picture that the Federal Rules of Criminal Procedure and more importantly the Constitution entitle it to.

Having all intercepted conversations also is likely to assist in Hamzeh's defense. After all, if the government tapped Hamzeh's phone, then that would aid the defense in reconstructing contacts between Hamzeh and the CI's during the lengthy periods when their contacts weren't documented or recorded. Although government agents conducted surveillance on 64 occasions, the reports of that surveillance often identify the informants only as "UM," making a precise understanding of who Hamzeh was with and when impossible. With information acquired through a wiretap, the defense is likely to be able to present a fuller picture of the contacts by the informants with Hamzeh for the jury and court.

Further, if the government was intercepting Hamzeh's phone conversations, the defense should have the recorded calls because they are statements of Hamzeh. Right now, the defense believes there are at least 755 calls between Hamzeh and the informants, but only a fraction of those were recorded and turned over in discovery. The calls and recordings that the defense has received show that Hamzeh may have discussed acquiring a legal firearm but rejected overtures to get a machine gun, so the defense has a good-faith basis to expect that having all of these calls would be exculpatory.

What's more, a complete log of Hamzeh's calls during this investigation would show the absence of any terrorist-related activity, it would show that there were no other conversations about machine guns, and it would provide contemporaneous evidence of what Hamzeh was doing with the CHS's and life in general—which supports Hamzeh's lack of predisposition to commit this offense and that the informants pressured him to commit it. If the government had his phone calls and conducted surveillance, but came

up with nothing incriminating, that undermines any government claim of predisposition as well.

Thus, since Rule 16 and *Brady* and its progeny would cover producing evidence under any of those three scenarios, the defense asks that the Court enter an order that the government turn over the underlying documentation for Disk 118. That is, how the calls were obtained and the chain of custody surrounding them. Further, if the government has used a third informant in this case, then the defense asks that all the previous discovery orders in this case be made applicable to that third informant—including that all of his recordings of Hamzeh be turned over, his payments received, and his motivation for helping the FBI. Finally, if the evidence at the issue in Disk 118 is the fruit of a wiretap, then the defense seeks to have all information about intercepted communications disclosed, including the Title III documents used to obtain the wiretap, the call log, and all information and calls it captured. That information also is necessary for Hamzeh to challenge the legality of any interception of his calls. Again, the defense has previously conferred with the government about this matter, and in response declined to provide the information and indicated it plans to proceed under CIPA.

Finally, Hamzeh also advises the Court that in the near future, the defense plans to file a fourth motion to compel, concerning additional surveillance evidence and the documents that pertain to the CHS's recording devices.

Dated at Milwaukee, Wisconsin this 4th day of September, 2018.

Respectfully submitted,

/s/ *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A. Bugni, WI Bar #1062514
Gabriela A. Leija, WI Bar #1088023
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI 53202
Tel. (414) 221-9900
E-mail: craig_albee@fd.org
joseph_bugni@fd.org
gabriela_leija@fd.org

*Counsel for Defendant*, Samy M. Hamzeh