UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No. 16-CR-21

SAMY M. HAMZEH,

    Defendant.

## ORDER

**1. Background**

Before the court is an ex parte motion whereby Samy Hamzeh asks the court to approve a subpoena duces tecum. (ECF No. 191.) Hamzeh asks that the motion be filed under seal. (ECF No. 190.)

The motion relates to the June 23, 2018 arrest of a confidential informant (CI) who assisted the government in its 2016 investigation of Hamzeh. According to a criminal complaint and police reports attached to Hamzeh's motion, shortly after midnight on June 23, 2018, the CI's former girlfriend came to his residence to pick up their daughter. The CI became upset because his ex-girlfriend was accompanied by three other people. He allegedly struck a woman accompanying his ex-girlfriend in the

head with a handgun. According to police reports, following the arrival of police the CI began to have "medical issues" and was transported to a hospital before being taken to the Milwaukee County Jail. Hamzeh seeks the CI's hospital records. (ECF No. 191.)

2. **Motion to Seal**

Under Federal Rule of Criminal Procedure 17(b), an indigent defendant seeking a subpoena must demonstrate to the court that the subpoena is necessary for an adequate defense. But a subpoena may reveal the defendant's trial strategy. Moreover, a defendant with the ability to pay the relevant fees is not required to obtain court approval for the issuance of a subpoena. Therefore, to avoid forcing defendant to tip his hand simply because he cannot afford to pay the relevant fees, such applications for subpoenas are appropriately made ex parte.

However, concerns of disadvantaging indigent defendants do not exist when any defendant, regardless of ability to pay, would be required to obtain court approval before obtaining the records sought. And court approval is certainly needed to obtain the medical records sought by Hamzeh. *See, e.g.*, 45 C.F.R. § 164.512(e). The court finds that, under these circumstances, proceeding ex parte is inappropriate.

Because a non-indigent defendant would be required to seek court approval before obtaining the CI's medical records, and would not be allowed to do so ex parte, an indigent defendant should similarly be required to inform the government of its request for a subpoena. Guided by the principle that "[w]hat happens in the federal

courts is presumptively open to public scrutiny," *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), the court will not resolve this matter ex parte. For the same reason, the court will not issue this order under seal or ex parte. However, because Hamzeh's motion includes sensitive details, the court will grant his motion to seal these documents.

3. **Analysis**

In determining whether documents should be produced before trial under Rule 17, the Supreme Court articulated four showings a plaintiff must make:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). Granting or denying a subpoena under Rule 17(c) is a matter of discretion for the district court. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

According to Hamzeh:

> A review of the police reports shows that at the time of the arrest, [the CI] claimed to be experiencing a panic attack and was taken to the hospital where he was seen and then released. According to the police reports, he also made statements about what happened that night to medical personnel. Hamzeh seeks in camera review of [the CI]'s records for two reasons that relate to his credibility. First, to learn whether his claimed panic attack was legitimate or an effort to obstruct police. Second, to determine whether his statements to medical personnel about what

> happened show that he made false statements to police. Under either scenario, [the CI] could be impeached on cross-examination under Rule 608 for either act of dishonesty.

(ECF No. 191 at 2.) Although Hamzeh describes the incident as a "panic attack," the police reports provided to the court do not offer that description, but instead say simply that the CI was having "medical issues" (ECF No. 191-2 at 2; *see also* ECF No. 191-3 at 1 (stating the CI was transported to the hospital "for medical reasons").)

Medical records are, by their very nature, sensitive and private documents. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004). Therefore, the court exercises particular care in ordering their disclosure.

Hamzeh's speculation that the records may contain inconsistent statements or suggest that the CI might have fabricated his medical claims to obstruct the police is insufficient to justify the invasion of privacy that even an in camera review of his medical records represents. Hamzeh's request constitutes a classic fishing expedition. The probability that the CI's medical records will reveal anything relevant is undermined by the fact that, because the CI was in custody, it appears a police officer was with him during his time at the hospital. If the CI offered inconsistent statements or evidence existed that the CI faked a medical need so as to obstruct law enforcement, the police officer present presumably would have documented it in a report. However, the police reports provided to the court offer no such suggestion. Therefore, the court will deny Hamzeh's request for the CI's medical records. (ECF No. 191.)

4

**IT IS THEREFORE ORDERED** that Hamzeh's motion to seal (ECF No. 190) is **granted** and Hamzeh's motion (ECF No. 191) is filed under seal.

**IT IS FURTHER ORDERED** that Hamzeh's motion for the CI's medical records (ECF No. 191) is **denied.**

Dated at Milwaukee, Wisconsin this 14th day of November, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge