UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

 *Plaintiff*,

 *vs*.            Case No. 16-CR-21

SAMY M. HAMZEH,

 *Defendant*.

**SUPERSEDING DISCOVERY MOTION**

Samy Hamzeh, by counsel, files this single brief identifying the remaining discovery issues for this Court to resolve. Set forth below are the outstanding requests from Hamzeh's Motions to Compel 1-5 and the defense's motion for pretrial notice of the government's intent to present certain evidence at trial (R. 178), with a citation to the legal and factual arguments in support for each topic. This brief should in all other manners supersede the previously filed discovery motions. It does not, however, supersede the defense's CIPA brief and request for oral argument about why the various categories of information for which the government has claimed CIPA protection are discoverable and should be turned over to the defense. Aside from the CIPA issues, there are seven categories of information that this Court must rule upon—each is given its own heading in this brief. In part eight, the defense lays out its request for another hearing on why the government has not or cannot comply with certain categories of information.

*Federal Defender Services*
*of Wisconsin, Inc.*

1. **Missing Texts**

This Court previously granted the defense's motion to produce all text messages between the agents and the agents and both of the CHSs. After the spoliation hearing, the government produced many texts that previously had been deemed unrecoverable. Here is what remains missing: Zuraw's texts with Mike and the other agents; 19 texts between Fraser and Steve; and 5 texts between Zuraw and Steve. The government says all texts have been turned over and that it has made efforts to recover the missing texts including through Cellebrite. Given this representation and the Court's order that they be produced, it appears that there is nothing left to do on this front.

With respect to the most recently produced texts, the defense still has not received un-redacted copies of the text messages and we renew our request for those. The explanation for that request is set forth in R.209:3–4 and Ex. A., B. and C. (The Fifth Motion to Compel).

2. **Missing Emails**

This Court previously granted the defense's motion to produce all email messages between the agents. This Court ordered that the government produce: "All texts/SMS, IM plus e-mail on both the FBI internal (FBI net) and FBI official external (Internet Café-IC) to/from all agents, TFOs, CHSs or professional support staff relating in any way to the investigation." R.150:2. To date, the defense has received only eleven pages of emails. From the spoliation hearing, it seemed evident that these emails are preserved but the agents had not looked or tried to recover those. R.205:30 (preserved) and 53 (preserved); *id.* at 83 (Adkins stating he wasn't asked to turn over the emails as part of the

investigation). The factual and legal basis for this request are in R.150 (this Court's order directing that they be produced) and R.209:4–5 (Fifth Motion to Compel) and R.201:5–7 (Omnibus Memorandum in Anticipation of the Spoliation Hearing), which provide briefing on the issue. The government has indicated that it has provided all the emails they have in their possession, but given the testimony at the spoliation hearing the defense is concerned that there are more out there that have not been turned over to the U.S. Attorney's office.

   3. **Information related to the informants' credibility, including instructions and admonitions**

This broad topic has been litigated and briefed repeatedly and has in various parts been ordered produced by this Court. *See e.g.*, R.82:17–20, 22–24 (the First Motion to Compel); R.135: 7–9 (Second Motion to Compel); R.144:1–3 (Motion to Compel Compliance with this Court's Orders); R.150 (this Court's order granting relief); R. 177:1-5 (Fourth Motion to Compel); R.185:11–12 (Motion to Produce Information Submitted Under CIPA). To save the Court time, the best legal and factual recitation supporting the defense's right to this information is found in R.209:5–9 (Fifth Motion to Compel) and R.177:3–5 (Fourth Motion to Compel). Here is a list of the categories of informant information that remain outstanding. As noted below, the Court previously ordered the production of some of this information.

   a. the initial suitability report.
   b. instructions given to the informants, whether or not reduced to writing;
   c. all benefits given to or requested by the informants, including any payments, immigration benefits, or favors of any form. (This was ordered as item 6 of the Court's prior order R.150).

3

- d. the underlying documentation relating to any payments (ordered produced by the Court on March 8, 2018, but never turned over based on a CIPA claim).
- e. any admonishments to the informants. (This was ordered as item 14 of the Court's prior order R.150).
- f. annual or other reviews of the informants.
- g. violations of policies and instructions by the informants. (This was ordered as item 14 of the Court's prior order R.150).
- h. the informants' reported motivations for cooperating, identification of all benefits, including travel to and from the United States, the documentation underlying those benefits, and
- i. the most recent criminal histories for each CHS.

### 4. Outstanding or missing recordings

Based on information disclosed at the spoliation hearing and the informants' ability to record phone conversations, the defense believes there are recordings of telephone conversations that have not been produced. The government has indicated that there are no other recordings. A list of recorded phone conversations that should be available has been sent to the government to follow up on—by the defense's count, there are 48 missing. The list that was provided to the government with the phone records is attached as Exhibit A to this motion and filed under seal. The number of missing recordings was calculated by comparing the informants' phone calls to the number discussed at the spoliation hearing and then comparing those calls to the recordings that were produced. The far right column provides the number of recordings that are missing on each date. As the Court can see although many calls match, a substantial number appear missing.

The government's attorneys have indicated that there are no additional recordings and the discrepancy is based on the devices not always recording if the person (Hamzeh) does not answer. While that may be true, it does not explain why some calls that are

minutes long have not been recorded and turned over. A hearing may be appropriate to determine why they are not available since questioning about these calls was curtailed at the spoliation hearing.

**5. Documents related to the informants and the recording devices**

This Court previously ordered the government to turn over all the documents (including the ELSUR envelopes) concerning the telephonic and in-person recordings obtained by the informants. See R. 150 (items 18 and 19). The Court also ordered that all 302's regarding chain of custody of the recording devices be produced. *Id.* (item 24). The government responded that it will seek CIPA review of those items.

In the Fourth Motion to Compel the defense noted that the request should not be read in a limited fashion as pertaining to only the envelopes. The defense sought an order for the government to

  a. identify when the CHS's had recording devices checked out to them;
  b. what type of recording devices were used; and
  c. what instructions were given as to when to record Hamzeh.

The factual and legal basis for this is contained in both this Court's prior order (R.150) that it be produced and in R.177:5–6 (the Fourth Motion to Compel). The government has indicated that this information would be covered under its CIPA filing.

**6. All surveillance that was used to investigate and track Hamzeh**

Much of this will likely be resolved with the CIPA ruling, especially as it pertains to a tap on Hamzeh's phone—whether through a Title III warrant or a FISA warrant. That issue was fully briefed in R.174:1–7 (The Third Motion to Compel). In addition, the

defense has previously requested and that the government produce *all* surveillance of Hamzeh and some has been turned over. What remains is the following:

   a. intercepted communications under any form
   b. GPS,
   c. stingray,
   d. or any other interception techniques that had not been disclosed.

The legal and factual basis for these being turned over is in R.174 (Third Motion to Compel) and R.177:6–8 (Fourth Motion to Compel). The government has indicated that to the extent any of this exists it's covered under its CIPA filing.

**7. Pretrial notice of the government's intent to present certain evidence at trial.**

This is a massive case and the trial should not be one of surprise. The defense has sought a ruling that would compel disclosure of what evidence 45-day's notice of its intent to introduce at trial: (1) any data obtained from devices seized from Hamzeh or his home following his arrest; and (2) any evidence obtained by use of pole cameras. Hamzeh is requesting this notice because of the vast quantities of data can be stored on these devices that it is unreasonable for the defense to have to decipher which needles in these haystacks the government might decide to use. The legal authority for this is in R.178 (the Motion for Disclosure).

In addition, while preparing this superseding filing, the defense re-read the government's response to this motion and two things should be added to the initial motion and in response to the government's points. First, the government's citations to various district court cases in *other* districts about pages of discovery has nothing to do with this Court's authority. As the Seventh Circuit has noted: a "district court has the authority to require the government to provide the defendant with such a list …. [as] part

6

of the court's inherent power exercisable under appropriate circumstances, to assure the proper and orderly administration of criminal justice." *United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1988) (internal quotation marks omitted); *see also United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008 (*en banc*) ("There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

Second, the defense isn't asking the government to give away its case by identifying some exhibits out of the paper discovery—discovery that can be easily digested and searched. We are asking about specific information buried within (when it comes to the pole camera) 450 hours of video that has to be searched and (in the case of the play station and phone) the devices' entire contents. A trial like this is hardly the time for surprises.

8. **Relief sought**

With most of these issues, the Court has already ordered the information produced and for one reason or another it has not been. Some is understandable such as text messages that apparently haven't been recovered. Other areas are not so understandable: that despite a court order only 11 pages of emails have been produced and that despite a court order and continued litigation and representations by the government, the defense

7

learns with each hearing that additional admonitions and instructions were given to the informants.

When it comes to the missing recordings and emails, another hearing might be appropriate if the Court is not satisfied with the government's explanation as to its efforts to locate these items. Recall, it was only after a half day in court with six witnesses (and despite every one of them saying that the texts were lost forever) that the defense received the texts. Another such hearing might bring the defense the missing emails and the missing recorded calls. As to the other topics, the defense would request another Court order affirming that what was ordered produced in this Court's July 25, 2018, order (R.150) must be turned over and that with it the additional and derivative evidence listed above also be turned over. Finally, to the extent that the Court has any remaining concerns about the defense's need to access the information that the government has sought protection for under CIPA, the defense would again request an opportunity to present oral argument.

Dated at Milwaukee, Wisconsin this 15th day of February, 2019.

Respectfully submitted,

/s/     *Craig W. Albee*
Craig W. Albee, WI Bar #1015752
Joseph A Bugni, WI Bar #1062514
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave. - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
e-mail:  craig_albee@fd.org
            joseph_bugni@fd.org

*Counsel for Defendant*, Samy M. Hamzeh

8

*Federal Defender Services*
*of Wisconsin, Inc.*