UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       *Plaintiff*,

                                                        Case No. 16cr21

*vs*.

SAMY M. HAMZEH,

       *Defendant*.

## MEMORANDUM IN SUPPORT
## RE: MODIFICATION OF BOND

Samy Hamzeh, by counsel, files this brief in support of the probation department's petition to modify the conditions of his bond.

As the Court knows, over a year ago, Hamzeh was released on bond, and since then he has been exemplary. So much so, that it is the probation department petitioning the Court to modify his conditions. At the last hearing, the Court adopted the government's argument that the conditions shouldn't be modified. In anticipation of that same argument, the defense highlights three facts that warrant the Court concurring with the probation office and loosening Hamzeh's conditions.

First, Hamzeh has been out on bond for over a year now. The further he is removed from the conversations and conduct that precipitated his arrest, the less there is to fear he is a danger to the public. The past year that he's been out of custody has only enforced the fact that he's neither a flight risk, nor a danger to the community.

Federal Defender Services
of Wisconsin, Inc.

Second, over the past three years new light has been shed on the case against Hamzeh and the context of his behavior. More and more, we understand the daily pressure the informants exerted on Hamzeh and not just his reluctance at committing any acts of violence but also the chicanery employed by the informants to get Hamzeh to get a machine gun, as opposed to a legal semi-automatic firearm. The defense directs the Court's attention to the defense's first motion in limine on whether it be allowed to present the entrapment defense to the jury. *See* R.234. Reading that brief, it should be clear that apart from the informant's schemes and influence, Hamzeh was not looking to break the law. Thus, while it is clear that while Hamzeh (when egged on by "friends") made some terrible statements, he was not a threat to act upon them. Indeed, the day before buying the firearms he was adamant that his friends not to commit any violence.

Third, when defendants are released on bond, they are meant to be "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The probation department is merely asking for some increased liberty to see his family and, among other things, be able to engage more often with his support network. These are small modifications to the bond conditions that have already been set and that he's been successful under. There is a strong basis to suggest that the probation department (in its expertise on supervising offenders) has a precise idea of what will further Hamzeh's success and protect the public.

2

It is those three reasons that the defense hopes the Court will consider and use as a basis to concur with the probation department's recommendation that the Court modify Hamzeh's conditions of release.

Dated at Milwaukee, Wisconsin this 22nd day of August, 2019.

Respectfully submitted,

/s/    Joseph A Bugni
Craig W. Albee,
Joseph A. Bugni
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900

*Counsel for Defendant*, Samy M. Hamzeh