UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       *Plaintiff*,

                                                  Case No. 16-cr-21-PP

*vs.*

SAMY M. HAMZEH,

       *Defendant*.

## SECOND SUPPLEMENTAL MEMORANDUM
## IN SUPPORT OF THE DEFENSE'S CIPA OBJECTIONS R.224

Samy Hamzeh, by counsel, files this second supplemental memorandum in support of the defense's objections to the Magistrate Judge's ruling on CIPA. R.224.

As often happens, as trial approaches evidence is seen in a different light. The defense's first supplemental CIPA memorandum addressed its specific need to see Mike's informant file. This memorandum is directed at the government's intercepted communications. The standard has been set out in the original brief. *See* R.224:13–21. There, the argument focused on the defense's belief that Hamzeh was subjected to additional (undisclosed) surveillance based on the recorded calls on Disk 118; the recording captures a phone ringing and Hamzeh then speaking to a third-party. Hence, the call was not recorded by the informants but some sort of government intercept. The government claimed protection under CIPA for that information.

Afterwards, the defense asked for all information related to intercepted communication. This too, the government claimed, fell under CIPA. In the original brief,

Federal Defender Services
of Wisconsin, Inc.

the defense laid out *why* the calls would be helpful to the defense. *Id.* at 27–29. They were Hamzeh's statements and they would show what was going on with his life apart from the informants. In addition, the recordings would fill in the gaps of what the informants choose not to record. *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008) (Information is "helpful or material"—and must be disclosed—if it is "useful to counter the government's case or to bolster a defense."); *see United States v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006) (noting "information can be helpful without being 'favorable' in the *Brady* sense."). This evidence would also (and critically) give the jury a full picture of the pressure the informants exerted on Hamzeh. *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (noting CIPA's fundamental purpose is to regulate the discovery of classified information "in a way that does not impair the defendant's right to a fair trial"). What was said in relation to intercepted phone calls, applies equally to intercepted text messages.

At the time we submitted the original objections, we did not harbor a well-founded reason to suspect that the FBI had intercepted Hamzeh's text messages with the informants and the third parties. Those texts are, of course, Hamzeh's statements and we are entitled to them under Rule 16 and *Brady*. In addition, if they are going to be used as evidence, we have the right to challenge the means used to get them. After reviewing the discovery with fresh eyes, the defense has a good-faith reason to believe that the government intercepted Hamzeh's text messages as well as phone calls. And here's why we believe that:

```
       Product 22868582Q

Facility:         4145786232

Intercept Date:   1/23/2016 12:21:28
Date Loaded:      1/23/2016 12:42:12
Sent Date:        1/23/2016 12:21:28
Participants (2): 4145786232    (source), CHS #1 phone number (destination)
```

The highlighted portion shows that the text was simultaneously intercepted as it was sent. There are almost a half-dozen others that have been disclosed in discovery that have this same "intercept" notation, and they are not just with Hamzeh and the informants but with third parties— including *before* there was any suggestion of activities involving the Masons.

```
       Product 85217433K

Facility:         4145786232

Intercept Date:   1/18/2016 06:02:08 GMT
Date Loaded:      1/22/2016 09:23:22 GMT
```

**Product Body**

See product content below.

**User Notes (0)**

No User Notes exist for this product.

**Translations (0)**

No Translations exist for this product.

Participants: 4145786232 (source), 414██0702 (destination)

In addition, after consulting with a former FBI agent, he confirmed that this discovery gives every indication of having been the product of either a Title III (wiretap) or FISA or some other form of intercept.

Beyond Hamzeh's right to that information under Rule 16 and *Brady*, there are other problems with the government invoking CIPA and only turning over selective text messages without identifying the means by which they were obtained. As the Supreme Court has made clear, Fourth Amendment suppression questions are notoriously fact-specific and complex—and they are questions that must be resolved through disclosure and adversarial litigation. In *Alderman v. United States*, 394 U.S. 165 (1969), a case (unlike Hamzeh's) implicating national-security interests, the Supreme Court held that defendants must be permitted to discover information that may be relevant to whether the government's evidence is fruit of the poisonous tree, because only an adversarial process can ensure fair and accurate resolution of this Fourth Amendment issue. *Id.* at 168, 184 ("Adversary proceedings will not magically eliminate all error, but they will substantially reduce its incidence by guarding against the possibility that the trial judge, through lack of time or unfamiliarity with the information contained in and suggested by the materials, will be unable to provide the scrutiny which the Fourth Amendment exclusionary rule demands."). There, the Court flatly rejected the government's attempt to resort to an *ex parte* process and emphasized the difficult judgments raised by "cases involving electronic surveillance," and that "in our view the task is too complex, and the

4

Federal Defender Services
of Wisconsin, Inc.

Case 2:16-cr-00021-PP-WED   Filed 09/16/19   Page 4 of 6   Document 279

margin for error too great, to rely wholly on the in camera judgment of the trial court." *Id.* at 182 & n.14.

Instead, in order to avoid leaving both the trial court and the defendants relying on the government's one-sided claims, adversary proceedings are necessary "to provide the scrutiny which the Fourth Amendment exclusionary rule demands." *Id.* at 184. To the extent the government has relied on *ex parte* proceedings in this case to litigate or push aside suppression questions beyond CIPA's limited scope (and in violation of *Alderman*), Hamzeh renews his motion for disclosure of not just the intercepted text messages and phone calls but the means by which they were obtained. Indeed, the use of this potential evidence at trial means that the government must, in the very least, comply with 18 U.S.C. § 3504 and let the defense know whether it obtained the evidence through illegal means. In sum, the defense asks that the Court consider this supplement to the CIPA objections and order the relief requested for in the defense's submission including turning over *all* text messages and other surveillance that the government has of Hamzeh.

Dated at Milwaukee, Wisconsin this 16th day of September 2019.

>Respectfully submitted,
>
>/s/      *Craig W. Albee*
>Craig W. Albee, WI Bar No. 1015752
>Joseph A. Bugni, WI Bar No. 1062514
>FEDERAL DEFENDER SERVICES
>  OF WISCONSIN, INC.
>517 E. Wisconsin Ave - Rm 182
>Milwaukee, WI  53202
>Tel. (414) 221-9900
>E-mail:  craig_albee@fd.org
>
>*Counsel for Defendant*, Samy M. Hamzeh