UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                       Case No. 16-CR-21

SAMY HAMZEH,

      Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE JUDGE'S DISCOVERY AND CIPA ORDERS**

The defense has filed yet another untimely discovery request. In it, the defense asks this Court to rule on a discovery claim it concedes it never put to the Magistrate Judge, and it does so many months after its deadline to object to the Magistrate Judge's final discovery rulings. The defense claim is also meritless, though this Court need not reach the merits.

As he acknowledges, Hamzeh received the relevant discovery a long time ago. He raised many claims based on that discovery before the Magistrate Judge. And the Magistrate Judge ruled on every last one of them. The defense now states that, "after reviewing the discovery with fresh eyes," Second Supplemental Objections at 2, it would like to bring a new discovery claim. This is now the second filing in a week the defense has styled as a "supplemental memorandum" in support of an earlier set of Objections.

A. *The Defense's New Claim is Waived.*

During discovery litigation before the magistrate court, the defense brought, and Magistrate Judge Duffin ruled on, dozens of discovery claims. The claim brought in its most recent filing was not one of them. This claim is, therefore, waived. As this Court put it very recently,

> "Arguments not made before a magistrate judge are normally waived." "A willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judgment's report and recommendation are taken as established unless the party files objections to them. Even if there were some factual dispute that an evidentiary hearing would have helped resolve—and there isn't—the defendant waived her right to an evidentiary hearing by failing to request one and by failing to comply with Criminal L.R. 12(c)."

*United States v. Hofschulz*, No. 18-CR-145-PP, 2019 WL 3250511, at *6 (E.D. Wis. July 19, 2019) (Pepper, J.) *(quoting United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000)). *See also United States v. Moore*, 375 F.3d 580, 584 (7th Cir. 2004) ("Moore argues that the district court erred in finding that he voluntarily consented to answer Welsh's questions. However, the district court did not even pass on this question because Moore failed to make this argument to the magistrate judge. Accordingly, this argument is waived."); *Woodall v. Jo-Ann Stores, Inc.*, 2015 WL 417660, at *2 (S.D. Ind. Jan. 30, 2015) ("Arguments not raised before the magistrate judge and raised for the first time in objections filed before the district judge are waived . . . . We are aware of no circumstance which hampered [the defendant] from making this argument in its original briefing.")

This rule is important on many dimensions, and re-opening discovery a month before trial, without a mote of evidence that doing so would be a worthy endeavor, would

2

not serve the interests of justice. The defense had the discovery that forms the basis of its claim long before its deadline for filing discovery requests and motions before the Magistrate Judge. Nothing has changed. This Court need not reach its new waived claim.

B. *The Defense's New Claim is Untimely.*

Like its first "supplemental memorandum in support" of its objections – *i.e.*, its new objections of one week ago – the defense's claim this week is also untimely. Under Local Criminal Rule 16 and Federal Rule of Criminal Procedure 59, objections to Judge Duffin's Orders were due 14 days after the parties were served via ECF with copies of the Orders. Defense objections to the Magistrate Judge's order were due in April. Thus, not only is this claim waived, it is over five months late. If this claim had been raised for the first time in the defense's Reply to the government's response to its objections, back in April, even then it would have been both waived and late. Five months later, it most certainly should not be considered.

The defense had the discovery that forms the basis of its purported claim long before its deadline for filing discovery requests and motions. Nothing has changed. This claim is untimely, and the Court need not consider it.

C. *The Claim is Meritless.*

The speculation that the government may have failed to turn over material it is required to turn over under *Brady v. Maryland*, 373 U.S. 83 (1963), is unsupported by any evidence and is false. The government has turned over everything to which the defense is entitled, and then reams and reams of discovery more. The parties will exchange Exhibit lists this week in advance of filing a Joint Final Pretrial Report this Friday,

3

September 20, 2019. The defense already has in discovery everything the government will use at trial. The Defense also says the United States must "let the defense know whether it obtained the evidence through illegal means," Second Supplemental Objections at 5. The United States did not obtain any evidence through illegal means.

For these reasons, the defense's supplemental objections are facially meritless. Given that they are also untimely and waived, the Court need not go further. If the Court does wish to reach the underlying merits, however, the government will need to respond in a sealed, classified, ex parte filing pursuant to the Classified Information Procedures Act. The defense raised the government's previous CIPA filings before this Court in its filing, and the government cannot respond in substance without doing so in keeping with CIPA requirements. Doing so is burdensome for this Court's Court Information Security Officer, who would need to fly to Wisconsin in order to facilitate that filing, and it is burdensome on this Court.

The defense confesses that it had the relevant discovery and simply did not raise this claim below. Additional CIPA procedures are therefore needless. The government is reluctant to impose those burdens unless the Court intends to reach the merits of the claim. As a result, the government requests direction from the Court as to whether the Court would find a CIPA-compliant merits filing necessary in order to pass on the Defense's new discovery objection. The United States responds here within a single day of the defense's filing in order to permit time for an additional CIPA-compliant filing if the Court requests one.

The defense's repeated "supplemental objections" appear to reflect its ongoing strategy of attempting to drown the Court and the government in pre-trial filings – the law, the merits, the local rules, and the Federal Rules of Criminal Procedure notwithstanding. It should be denied, and the Magistrate Judge's discovery orders should not be disturbed.

CONCLUSION

For the reasons set forth above, in the government's September 12, 2019 response to Hamzeh's first supplemental memorandum in support of its discovery objections, and in the government's May 1, 2019 response to Hamzeh's discovery and CIPA Objection, this Court should overrule Hamzeh's objections to Judge Duffin's March 25, 2019 Orders.

Dated at Milwaukee, Wisconsin this 17th day of September, 2019.

                                     Respectfully submitted,
                                     MATTHEW D. KRUEGER
                                     United States Attorney

By:    */s/ Benjamin Taibleson*

                                     Benjamin Taibleson
                                     Adam Ptashkin
                                     Assistant United States Attorneys
                                     United States Attorney's Office
                                     Eastern District of Wisconsin
                                     517 East Wisconsin Avenue
                                     Milwaukee, Wisconsin 53202
                                     (414) 297-1700
                                     benjamin.taibleson@usdoj.gov

5

Case 2:16-cr-00021-PP   Filed 09/17/19   Page 5 of 5   Document 281