UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff*,

                                                 Case No. 16cr21

   *vs*.

SAMY M. HAMZEH,

        *Defendant*.

## APPEAL OF THE MAGISTRATE'S
## DENIAL OF THE SIXTH MOTION TO COMPEL

Samy Hamzeh, by counsel, files this appeal of the Magistrate Judge's order denying the defense's Sixth Motion to Compel. This Court is inundated with filings, so the defense will keep this short in explaining why the denial of the Sixth Motion to Compel was contrary to law or clearly erroneous. *See* Fed. R. Crim. P. 59(a).

In the Sixth Motion to Compel, the defense sketched the following facts. We had an agreement with the government that the informants would be available for trial. In support, the defense submitted a follow-up letter that was sent after a conversation that memorialized the point. When defense learned that Steve would not be returning for trial, it filed a motion to compel certain discovery to determine why Steve was not returning and for discovery related to him and his appearance or lack thereof at trial. That is the heart of the Sixth Motion to Compel. The government responded that there was no agreement and that the discovery should not be ordered to be turned over. In response,

the defense argued that Steve's testimony at trial would be exculpatory and sketched some of the points that he would (we believe) testify to.

His absence at trial will prejudice the defense and in order to determine what form of a motion to file, the defense needs discovery. Although there is a high bar for claiming an indictment should be dismissed because of a missing witness, getting a missing witness instruction is not as tough. But the bottom line is the defense needs discovery, including the contact information for Steve. The government provided a Jordanian address for Steve but it does not appear on Google Maps as coming back to a known address. We requested his phone number and his email (it's hard to understand why this information wouldn't be provided at a minimum). We also wanted to know what communications Steve has had with the government; whether his testimony changed before the last time trial was set; and, whether the government urged or politely suggested that he not come back. Again, there was no accusation of such things but they are all relevant to making the appropriate motion.

All that information is, of course, "documents ... within the government's possession, custody, or control ... [that are] material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). The defense is that we are prejudiced by Steve's absence. Material to that claim (whether as a motion to dismiss or simply a missing witness instruction) is information as to what happened and *why* is Steve gone. That is, he left before the last trial and why was the defense assured of his presence at trial if it couldn't, in fact, be compelled.

Federal Defender Services
of Wisconsin, Inc.

Now, to be clear, the defense did learn that Steve had left before the last trial. Defense counsel, collectively, have *no* recollection of learning that information but the government has cited a pleading where it's clear we learned of Steve flying home in July of 2018—a month *before* trial. But knowing that he flew back is not the same as knowing Steve would not come back. And it's also clear that at that time, July 2018, there was an expectation that Steve would be at trial.

The factual and legal basis for the relief sought is set out in the defense's Sixth Motion to Compel. The Magistrate Judge erred in finding that he was powerless to order discovery concerning Steve and his non-appearance. First, there is the obvious text of Rule 16(a)(1)(E)(i). This is a defense to the Indictment and the information is in the government's possession. Second, as the defense pointed out in its initial pleadings, when Courts have confronted challenges to this sort of discovery, their response has been to require production of that information. Finally, it's worth quoting an observation from the Court in *United States v. Leal-Del Carmen*, where it described the proceedings that dealt with a missing witness and the Court's surprise that the defense had to actually file discovery motions (like this) and that the evidence wasn't simply turned over:

> We were surprised to learn that the Justice Department required defense counsel to make discovery requests rather than voluntarily and promptly turning over discovery materials. . . . It's difficult to understand how the Justice Department justifies imposing this expense on taxpayers and the court, or reconciles it with the government's duty of fairness in criminal cases. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.").

Federal Defender Services of Wisconsin, Inc.

697 F.3d 964, 968 n.4 (9th Cir. 2012). The defense is not casting any aspersions. Maybe Steve left voluntarily, maybe he bought his ticket, maybe it was a complete shock when he said he wasn't coming back. If so, one would think the government would want to immediately put to rest any concerns about what happened. But until the government -- in accordance with its duty of fairness and obligation to turn over the material necessary for the defense—turns over the discovery, we can't know.

Dated at Milwaukee, Wisconsin this 20th day of September, 2019.

Respectfully submitted,

/s/     *Craig W. Albee*
Craig W. Albee,
Joseph A. Bugni
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI 53202
Tel. (414) 221-9900

*Counsel for Defendant*, Samy M. Hamzeh

4

Federal Defender Services
of Wisconsin, Inc.