UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                             Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

      Defendant.

---

**United States' Response to Defendant's Proposed Non-Pattern Jury Instructions**

---

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Benjamin Taibleson and Adam Ptashkin, Assistant United States Attorneys, hereby responds to the Defendant's requests for nonpattern jury instructions. The defendant's requests for nonpattern jury instructions should be denied. The United States respectfully submits that all of the jury instructions in this case should be the Seventh Circuit approved pattern instructions.

The United States notes that for several of the defendant's proposed modifications to the pattern instructions, there is no case law cited to support these modifications. The United States could also propose a variety of instructions it drafts itself or takes from other circuits that would be favorable. But the United States has only suggested pattern instructions.

The Seventh Circuit has stated, "the fundamental rule when instructing a jury in a criminal case is that the instructions must identify for the jury all elements of the offense that must be proved beyond a reasonable doubt." *United States v. Edwards*, 869 F.3d 490, 499 (7th Cir. 2017) (internal citations omitted). In addition, district courts can "improve on the pattern language or even start

from scratch." *Edwards*, 869 F.3d at 500. "We give the district court discretion on precise wording 'so long as the final result, read as a whole, completely and correctly states the law.'" *United States v. Johnson*, 916 F.3d 579, 585 (7th Cir. 2019) (internal citations omitted).

I.     **Proposed Addition to Pattern Instruction 1.01 and Proposed Instruction 4**

The defendant has requested an addition to Pattern Instruction 1.01 that reads:

> You also must not be influenced by unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

Def's Proposed Jury Instructions at 3.

Given the defendant's proposed jury questionnaire and these proposed modified instructions, it is clear a significant part of the defense involves arguing that the defendant was discriminated against and prosecuted because he is an American Muslim of Arab descent. This is a frivolous jury nullification argument. The FBI opened the investigation because the defendant's best friend, an Arab Muslim, reported he was about to commit a mass casualty attack. The case was charged by the current Criminal Chief and former U.S. Attorney for this district because the defendant's own statements and actions (e.g. touring the Milwaukee Masonic Center and describing to his friends the tactical components of a mass murder in the Center) proved he wanted to commit a mass casualty attack, and the defendant then purchased and possessed two machine guns and a silencer that he bought in a parking lot from two men he had never met before. The defendant should not be allowed to use modified jury instructions, such as the proposed modifications to Instruction 1.01, as a buttress to its opening and closing, when it appears it will argue that the defendant is innocent and was targeted because he is an Arab Muslim, despite the complete and total lack of evidence to support this argument.

2

The same line of arguments applies to the defendant non pattern instruction #4 on "Race Switching," which should not be given to the jury. The reason this instruction is requested is it will support an argument the defendant apparently will make in closing and opening. The defendant proposes a non-pattern instruction with no citation to case law that is an attempt to argue the defendant is not guilty, he was discriminated against because he is of Arab descent, and if you think he is guilty that is because of your unconscious biases. The very first pattern jury instruction is already very clear that jurors must "not let any person's race, color, religion, national ancestry, or gender influence you." Instruction 1.01. That is exactly right.

If the Court is going to give the defendant's addition to Pattern Instruction 1.01, then Proposed Instruction #4 serves no purpose. Instruction 1.01, combined with the Court's Jury Questionnaire, is more than sufficient to deal with unconscious bias.

### II. Defendant's Change to the Heading of Instruction 2.05

The defendant has modified the title of Pattern Instruction 2.05 to state the defendant's "Decision Not to Testify" as opposed to the "Defendant's Failure to Testify." The United States does not object to this modification.

### III. Defendant's Proposed Modification to Instruction 3.02

The defendant has again created an instruction with no citation to case law so that the Court's instructions support one of the defendant's closing arguments. The proposed defense instruction implies, contrary to the pattern instruction, that it is improper for an attorney to interview a witness in preparation for trial. That is not correct. Witnesses swear an oath to answer questions honestly; the jury should not be instructed by the Court that the fact that they meet or do not meet with an attorney pretrial goes to their credibility. The Court should not allow the

defendant to modify the Circuit's pattern instruction with "Jury Instructions by the Defendant's Attorneys" tailored to fit the defendant's presumed closing arguments.

IV. **Defendant's Proposed Modification to Instruction 3.05**

The United States opposes the use of Pattern Instruction 3.05 in this case, because no witnesses received any of the benefits that would cause the need for special caution. The CHSs in this case were not co-conspirators, are not facing sentencings, and received modest financial compensation. The Seventh Circuit has been clear that district courts need not give special caution instructions in cases like this. In *United States v. Jordan*, 223 F.3d 676, 692 (7th Cir. 2000) the Seventh Circuit explained,

> This court dealt with a similar situation in *United States v. Cook,* 102 F.3d 249 (7th Cir. 1996). In that case, an informant had been paid for cooperating with the FBI and for wearing a wire to record conversations with the defendant. The district court declined to give a "special caution" instruction. The panel stated that a separate jury instruction is not required "as a matter of course" where there is testimony of a paid informer, and affirmed the district court's decision to not give the special instruction, holding that the use of that type of instruction is "committed to the discretion of the district court, which is best situated to detect and deal with threats of unreliable testimony, and that appellate review is deferential." *Id.* at 252. The court in *Cook* also noted that the Seventh Circuit had never reversed a criminal conviction for failure to give a special instruction for an informant's testimony, and held that "a general credibility instruction referring to the possibility of bias, which coupled with cross-examination and closing argument by counsel will put the subject before the jury for decision." *Id.* at 253.

If this Court does nonetheless choose to give instruction 3.05, it should not accept the defendant's modifications. The Committee Comment to Pattern Instruction 3.05 states "Former Seventh Circuit Pattern Criminal Jury Instruction No. 3.13 (1999) included a specific reference to immunity. The Committee concluded that immunity is a form of benefit that is covered by the more general 'benefit' referenced in this instruction."

It thus is implied that the Committee preferred the more general pattern instruction 3.05, as opposed to an instruction that explicitly lists all the conceivable benefits a witness may receive,

4

as the defendant has done it its modified instruction 3.05. The Court should give the Pattern Instruction.

V. **Defendant's Proposed Modification to Pattern instruction 4.13-Defintion of Possession**

The defendant's modifications to the Pattern Instruction are a misstatement of the law of possession under the binding, mandatory precedent of the Seventh Circuit, and thus the Pattern Instructions. In fact, when the Magistrate Judge denied the defendant's Motion to Dismiss Count Two on the basis of the defendant's theory of "momentary possession" the court stated

> Courts that have considered momentary possession under § 5861(d) have found that "possession" includes momentary possession. *See United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978) (§ 5861(d) is written in absolute terms and the fact that possession is momentary is immaterial); *United States v. Serafin*, 562 F.3d 1105, 1115 (10th Cir. 2009) (discussing momentary possession in the context of a National Firearms Act violation where the defendant was additionally charged under § 5861(d)).

R. Doc. 103 at 4. This Court then adopted the Magistrate's report and denied the defendant's Motion to Dismiss Count Two. R. Doc. 117.

A person may hold drugs momentarily without possessing them. But firearms are different. "'Fleeting' possession is still possession." *United States v. Coles*, 97 F. App'x 665, 667 (7th Cir. 2004) (unpublished) (citing *United States v. Lane*, 267 F.3d 715, 718 (7th Cir. 2001). The defendant has cited an Eighth Circuit case to support its instruction. In *United States v. Kiefer*, 694 F.2d 1109 (8th Cir. 1982), the defendant converted semi-automatic firearms into fully automatic machine guns and then sold them to the ATF. *Id*. at 1111. The Eight Circuit found he could have been convicted of making a machine gun illegally, but his convictions for several counts of transferring the machine guns must be overturned. *Id*. at 1114-15. The Court reasoned that while the defendant was present when another person transferred the machineguns, the defendant was not the seller of the guns, he was just a manufacturer who handed the guns that

5

another person owned and sold. *Id*. The defendant's proposed instruction is derived from the analysis in *Kiefer*, which is factually distinct from a defendant that purchased machine guns and a silencer and then walked away from the undercover FBI employees with the machine guns in his hand. The defendant is not charged with transferring weapons in violation of 26 U.S.C. §§ 5812, 5861 and 5871 as was Kiefer. The legal issue of whether or not a person "transfers" a weapon is different from the legal issue of possession, which is defined by a Pattern Instruction.

## VI. The defendant's Proposed Modifications to Pattern Instructions 6.04 and 6.05

The United States has no objection to the proposed modification to Pattern Instruction 6.04. The United States objects to the proposed modifications to Pattern Instruction 6.05.

The defense proposes three changes to the Seventh Circuit Pattern Jury Instructions' definition of "predisposition." It cites *Hollingsworth* for those changes. But the Pattern Instructions long-postdate *Hollingsworth*, and the pattern jury instructions accordingly already incorporate the holding of *Hollingsworth*. Further, the proposed edits only risk confusing the jury. This Court should not adopt them.

First, the defense proposes adding a sentence stating: "Predisposition is a narrowly focused inquiry. You should only consider whether Mr. Hamzeh was predisposed to commit the specific crimes charged." Adding the defense's gloss that "Predisposition is a narrowly focused inquiry" is superfluous. The jury's charge is not assisted by court instructions in the form of general, defense-friendly descriptors. The offense merely needs to be defined. Further, the sentence adding the "specific crime charged" could give the jury the false impression that the defendant need have been predisposed to buy precisely the machine guns with precisely the calibers and serial numbers on precisely the day charged in the indictment. That is not correct. The proposed edit, to the extent it is accurate, is redundant with language already in the pattern instruction. It does not improve the Pattern Jury Instruction and should not be adopted.

6

Second, the defense proposes substituting "specific crime charged" for "crime" in the sentence: "Rather, it concerns the likelihood that the defendant would have committed the crime if the informant had not approached him." As with the defense's first proposed change to the instruction, adding "specific crime charged" could give the jury the false impression that the defendant need have been likely to buy precisely the firearms with the calibers and serial numbers in the indictment on precisely the day charged in the indictment. That is not correct. The proposed edit, to the extent it is accurate, is redundant with language already in the pattern instruction. It does not improve the Seventh Circuit Pattern Jury Instruction and should not be adopted.

Third, the defendant proposes adding a sentence stating that, "The defendant must have been situated by reason of previous training or experience or occupation or acquaintances that it is likely that if the government had not induced him to commit the crime some criminal would have done so." This instruction, again, was drafted long after *Hollingsworth* (and *Jacobsen*). The pattern instruction already accounts for those cases. Further, the defense here attempts to import training and experience analysis into this case, where it makes little sense and will confuse the jury. Positional predisposition analysis sometimes focuses on training and experience because those issues are relevant in cases where training and experience are actually necessary to commit an offense (like setting up an international financial transaction, as in *Hollingsworth*). Buying an illegal machinegun on amazon.com or wish.com, or borrowing one from a friend, or stealing one, does not take any training. The defendant is charged with possessing items. And possessing an item does not take training.

The defense intends to claim Hamzeh was not predisposed to possess machineguns because he could not have easily bought one – that is why it raises "positional predisposition" and has given notice it will call multiple experts to say machine guns are difficult to acquire. But Hamzeh, an

7

American in his early 20s who had some college education, cannot credibly claim he could not himself, and did not know a single acquaintance who could, buy an item on Amazon.com. And that is all he had to do to buy a machinegun. The defense asks this Court to extend *Hollingsworth* very substantially without any guidance from the Seventh Circuit that it should. In *United States v. Hall*, the Seventh Circuit stated that "in *Hollingsworth*, [the Seventh Circuit] explained that *Jacobson* did not . . . add an "ability" element to the entrapment formulation. 608 F.3d 340, 345 (7th Cir. 2010) (citing 27 F.3d at 1199). But even if it had, Hamzeh most certainly had the ability to possess a machinegun. A converter is a machinegun under 26 U.S.C. § 5861(d), as explained in the United States' opposition to Hamzeh's motion in line regarding positional predisposition. And this is to say nothing of the plain fact that there are fully functional machine guns in Milwaukee at this very second, and it is perfectly plausible that Hamzeh could have bought, borrowed, or stolen one. This is not a farmer who did not have the training and experience necessary to complete a complex international financial transaction, it was a man who wanted a weapon. So that description – training and experience – although a useful way to perform positional predisposition analysis in *Hollingsworth*, is only confusing here.

Simply put, the proposed addition risks confusing the jury and does not improve the Pattern Jury Instruction.

In regards to the proposed modifications to Pattern Instruction 6.05's definition of "induce" adding the word "grooming" in this context would not be appropriate. First, it is unclear what "grooming" means here. It is ambiguous and the defense does not cite any examples of its use in this or any other circuit. Nor is it obvious how "grooming" is relevant to inducement as distinct from language already in the instruction, including: "repeated attempts at persuasion" or "pleas based on need, sympathy or friendship." Thus, it risks confusing the jury without helping them.

8

Case 2:16-cr-00021-PP   Filed 09/25/19   Page 8 of 15   Document 297

Similarly, the defense adds "deception about the nature of the proposed conduct" – but that appears to be redundant with "fraudulent representations." To the extent this is meant to capture the idea that if the defendant did not commit the crime "knowingly" he is not guilty, that knowledge requirement is covered by the elements of the offense and definition of knowingly elsewhere in the Seventh Circuit Pattern Jury Instructions. Thus, it risks confusing the jury with regard to the mental state necessary to commit the offense.

## VII. The defendant's Proposed Modified Instructions on Count One and Count Two

The United States requests that the Court use its proposed instructions with respect to the elements of the offenses. Through his proposed modifications, the defendant attempts to combine Counts One and Count Two into one count. This appears to be an attempt to continue the litigation of the defendant's Motion to Dismiss Counts as Multiplicitous (R. Doc. 27). U.S. Magistrate Judge Duffin previously rejected the argument that Counts One and Two are multiplicitous and stated

> Hamzeh offers no authority in support of his position that machine guns should be treated differently than other firearms with regard to their unit of prosecution. In the absence of such authority, *Moses [United States v. Moses*, 513 F.3d 727, 732 (7th Cir. 2008)] controls.

R. Doc. 42 at 10.

Counts One and Count Two should have their own instructions even though the only thing that will change will be the specific charged firearm. They are two separate counts.

Critically, the defendant's modification also adds a fifth element to the crime charged in Counts One through Three - "Mr. Hamzeh was not entrapped." If the Court gives an entrapment instruction, this fifth element should not be added to the substantive instructions on any of the three counts. The defendant's attorneys should not be allowed to modify the pattern instruction on the substantive charges to add a fifth element to the charges that is simply not an element of the offense. This proposed fifth element will be covered by the Pattern Instruction on Entrapment, if

9

such an instruction is permitted – including it in the elements of the offense is suggestive and improper.

## VIII. Defendant's Proposed Instructions Number 1

The defendant's proposed instruction on "Activities Not Charged" reads like a statement from the defendant's closing argument. There are pattern instructions on the charged offenses and entrapment. The Seventh Circuit presumes jurors follow this Court's instructions. There is thus no need to instruct the jurors on First Amendment legal issues, or to tell them that the defendant is only charged with the charged offenses. If the defendant wants to argue the defendant was joking when he stated he wanted to murder Jews in Israel and Masons in Milwaukee he is free to do that in closing. But there is no reason to instruct the jury on First Amendment rights. The jury will have to decide whether or not the elements of the charged offenses are met. The instructions on the charged offenses only ask if the defendant is guilty or not guilty of possessing unregistered machineguns and a silencer. This instruction is unnecessary given the other instructions the jury will receive.

The defendant cites *United States v. Mayfield*, 771 F.3d 417, 444 (7th Cir. 2014) and its discussion of *Jacobson v. United States,* 503 U.S. 540 (1992), to support this proposed instruction. The *Mayfield* opinion does not state that the defendant's proposed Activities Not Charged instruction is appropriate for a jury instruction. It doesn't even discuss a jury instruction of this nature. *Mayfield* quotes the *Jacobson* opinion in stating that just because a man is inclined to view photographs of teenagers having sex, does not mean he was predisposed to receive child pornography via the U.S. Mail. *Mayfield*, 771 F.3d at 435. In *Jacobson*, the government sent the defendant leaflets from fake lobbying organizations that claimed child pornography is acceptable and made years of offers to purchase child pornography that were declined, before the defendant

10

actually took the covert government agents up on their offer to buy a publication with child pornography. *Mayfield*, 771 F.3d at 429. *Mayfield* and *Jacobson* do not support this instruction.

If after hearing all the evidence the Court determines it is legally justified, the Court should give the Pattern Jury Instructions on Entrapment (6.04 and 6.05). The defendant is then free to argue the defendant's statements about Hamas and murdering people were mere exercises in free speech. But there is no need to give an additional instruction on First Amendment law.

## IX. Defendant's Proposed Instructions Number 3 and 4

Both of these proposed instructions again have no case law to support them. In addition, Pattern Instruction 3.01 on Credibility applies equally to all of the defendant's and the United States' witnesses, and renders this instruction unnecessary. If the defendant wants to argue the law enforcement witnesses or the informants are not credible, they are free to make that argument. But there is no need for the Court to single out law enforcement and informants in the instructions in this manner. Should there also be a similar instruction on paid defense witnesses drafted by the United States? Of course not. Pattern Instruction 3.01 covers all witnesses and renders these proposals an attempt by the defendant to draft instructions that will support their closing argument.

## X. Defendant's Proposed Instruction No. 5

The defendant requests an instruction that states

> If you find that at any point prior to the offense that the informants entrapped Hamzeh, you must find him not guilty of the offense. Once entrapped, a person cannot become unentrapped.

Hamzeh articulates a rule that has never been set out by the Seventh Circuit. His authority is a Ninth Circuit case that has never been cited by a Court of Appeals or District Court in the Seventh Circuit for the cited proposition. The defendant's request that this Court make new law should be declined. Further, it is unclear what "unentrapped" means here. Either the elements of the offense as set out in the Seventh Circuit Pattern Jury Instructions are satisfied, or they are not. If the Court

11

does choose to adopt this instruction over the United States' objection, the Court should wait to do so until after both parties rest.

## XI. Defendant's Proposed Instruction Number 6 is Unwarranted

The defendant's proposed instruction number 6 appears to relate to Confidential Human Source Steve. As detailed in the United States' Response to Hamzeh's Objection to the Magistrate Judge's Denial of Hamzeh's Sixth Motion to Compel, (R. Doc. 296 at 5), Steve is a non-U.S. Citizen who voluntarily left the United States and now lives in Jordan. The defendant's instruction states that "it was particularly within the power of the government to produce [Steve], who could have given material testimony on an issue to the case." This instruction is legally and factually incorrect. The Court has no power to compel the appearance of a non-U.S. citizen that is not on U.S. soil. The U.S has attempted to contact the witness, and has given the defendant all of the contact information the U.S. has for the witness, and his uncle that is in Wisconsin. There is simply nothing more the United States can do and this instruction is completely inappropriate.

In *United States v. Mahone*, 537 F.2d 922, 926-27 (7th Cir. 1976), cited by the defendant, the Seventh Circuit upheld the district court not giving a missing witness instruction in regards to a fourth police officer that was not called at trial. The court found the officer did have a special relationship with the prosecutor, but that his testimony might be cumulative. *Id*. But Steve is not a government employee. He is not in the United States. He is a Jordanian in Jordan. As stated in that case

> The first thing that must be shown before a party can raise to the jury the possibility of drawing an inference from the absence of a witness is that the absent witness was peculiarly within the other party's power to produce. This requirement is met both when a witness is physically available only to the opposing party, *Brown v. United States*, 134 U.S. App. D.C. 269, 414 F.2d 1165 (1969), and when the witness has a relationship with the opposing party 'that would in a pragmatic sense make his testimony unavailable to the opposing party regardless of physical availability,' *Yumich v. Cotter*, 452 F.2d 59, 64 (7th Cir. 1971); *United States v. Blakemore*, 489

12

F.2d 193, 195 (6th Cir. 1973) . . . The second thing that must be shown is that the testimony of the witness would elucidate issues in the case. 'No inference is permissible . . . where the unpresented evidence would be merely cumulative.'

*Mahone*, 537 F.2d at 926-27.

Steve is not available to the United States, he is in a foreign country and there is nothing the United States can do to force him to appear at trial. The United States cannot request the King of another country kidnap Steve and fly him against his will to Milwaukee. The witness also does not have a relationship "that would in a pragmatic sense make his testimony unavailable to the opposing party regardless of physical availability." While the witness served as a confidential informant, he no longer appears to have an interest in communicating with either party. The United States has no idea if he intends to appear at trial. The United States would strongly prefer the witness appear to avoid this entire issue, but there is nothing more the United States can do in this regard. The instruction is completely inappropriate given the United States has done nothing to prevent the witness from appearing.

Relatedly, the defendant should be barred from making this argument in opening or closing, given there is zero evidence the United States has taken any action to make the witness unavailable. The United States notes that the defendant has highlighted in its brief that the Seventh Circuit Instruction previously noted that "a missing witness instruction should not be given but recommending this instruction for the unusual circumstance where the court finds the instruction appropriate." This fact pattern is not even in the ballpark of that "unusual circumstance." This issue is addressed fully in the United States' Response to Hamzeh's Objection to the Denial of Hamzeh's Sixth Motion to Compel.

## XII. The Defendant's Modified Preliminary Instruction

As stated in its list of requested Pattern Instructions that were attached to the Pretrial Report, the United States agrees with the defendant that the Court should give Pattern Instructions

13

10.01, 10.08, and 10.09. With regard to the defendant's objection to the opening line of Preliminary Instruction G on Credibility, the United States defers to the Court on the defendant's objection.

In regards to Pattern Instruction 10.05, it is possible the United States and the defendant's interpreters will not testify. Rather, the jury will just see the interpreters' translated transcripts of the defendant's recorded statements in Arabic. If this occurs, the phrase "the official interpreter" in Pattern Instruction 10.05 should probably be changed to "the English transcripts."

The United States objects to the defendant's request to insert "implicit bias" language into Pattern Instruction 10.01, in particular given instructions on implicit bias are already on page 4 in the Preliminary Matters Section of the Court's Instructions . Additionally, the Pattern Instruction should be used without any modifications. For the same reasons the United States objects to the defendant's Proposed Instruction #1 on "Activities Not Charged" above, the United States objects to placing the "Activities Not Charged" instruction in the preliminary instructions as the defendant has requested.

## CONCLUSION

For the reasons set forth above, the Court should deny the defendant's requests for modifications to the Circuit's pattern jury instructions. The defendant has created several jury instructions with no citation to case law. The defendant's attorneys should not be allowed to create jury instructions to fit their preplanned closing arguments. The Seventh Circuit has pattern instructions – there is no need to create new instructions created by the defendant's attorneys to support their closing argument, in particular instructions that are an attempt to elicit jury nullification by focusing on the defendant's race and religion, as opposed to the evidence admitted at trial.

Dated at Milwaukee, Wisconsin this 25th day of September, 2019.

                                              Respectfully submitted,
                                              MATTHEW D. KRUEGER
                                              United States Attorney

                  By:    */s/ Adam Ptashkin*

                                              Adam Ptashkin
                                              Benjamin Taibleson
                                              Assistant United States Attorneys
                                              United States Attorney's Office
                                              Eastern District of Wisconsin
                                              517 East Wisconsin Avenue
                                              Milwaukee, Wisconsin 53202
                                              (414) 297-1700
                                              benjamin.taibleson@usdoj.gov