UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                   Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

    Defendant.
_____

**United States' Brief Regarding the Expert Testimony of ATF Special Agent Lindeman**
_____

    In the Defendant's Response to Government's Brief Regarding Relevance of Evidence of Positional Predisposition, for the first time the defendant raised the issue of the sufficiency of the expert notice for ATF Special Agent Lindeman. R. Doc. 301 at 5. In addition to the expert notice on ATF Special Agent Lindeman the defendant received on September 4, 2019, 47 days in advance of trial, the United States filed a four-page brief on September 30, 2019 discussing the importance of the United States' testimony about the availability of machineguns of all makes and models. While the United States does not concede it has provided inadequate notice with regard to ATF Special Agent Lindeman, out of an abundance of caution, the United States will now provide an even more detailed supplemental notice of the ATF Special Agent's testimony.

    We expect that Special Agent Lindeman will testify about ATF's seizures' of machineguns from 2015-2019 in the United States, in the Midwest, and in Wisconsin. We expect that he will also testify that he has personally worked on cases in Wisconsin during which machineguns were seized. We expect that he will testify about ATF seizures of "Glock switches" and other devices that convert semi-automatic firearms to fully automatic firearms nationally and in Wisconsin and which are, under the charging statute in this case and per ATF definitions, themselves

machineguns. We expect that he will testify about the national system in place for registration of machineguns and why there is a requirement to register machineguns but not handguns. We expect that he will testify that machineguns, when sold illegally on the street, are regularly sold below the market value of the machineguns when they are legally sold and registered. We expect that he will testify about what Glock switches, auto sears, and other types of converters functionally accomplish. We also expect him to testify to the ease with which any person with access to YouTube can convert a semi-automatic weapon to a machinegun. We expect that he will testify as to the availability of these devices over the internet, on the street, and regarding ATF seizures of these devices. We expect that he will testify that the Milwaukee Police department also seizes significantly more machineguns annually than the ATF in Milwaukee. Absent a stipulation, we expect that he will testify that the defendant did not register the machineguns and silencer relevant to the indictment prior to January 25, 2016.

There is thus no legitimate argument that the original expert notice "hampered [the defendant's] opportunity to prepare a defense" or that any deficiency in the original expert notice will substantially influence the jury. *United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011) (finding that a defendant was not prejudiced by an inadequate Rule 16 disclosure where he "ha[d] not demonstrated, for example, that he was unduly surprised or lacked an adequate opportunity to prepare a defense"). *See United States v. Koopmans,* 757 F.2d 901, 906 (7th Cir. 1985). Not only will the defendant not be "unduly surprised" at trial but there will be no surprise period. The defense will also clearly be able to prepare a cross examination of this witness over the coming weeks, and the original expert notice will not have any impact on the jury's outcome. The defendant already has multiple experts that it has been preparing for over a year to testify about the alleged unavailability of machineguns in Milwaukee, and the price the defendant paid for the

2

Case 2:16-cr-00021-PP   Filed 10/04/19   Page 2 of 3   Document 308

machineguns. In addition, the United States notes that the bulk of this witness's testimony is percipient, not expert, testimony about his observations, experiences, training, and personal empirical knowledge. These are the presentation of mere facts that any ATF or FBI Special Agent that deals with violent crime could testify to based on their non-expert training and experience.

Dated at Milwaukee, Wisconsin this 4th day of October, 2019.

                                      Respectfully submitted,
                                      MATTHEW D. KRUEGER
                                      United States Attorney

By:    */s/ Adam Ptashkin*

             Adam Ptashkin
             Benjamin Taibleson
             Assistant United States Attorneys
             United States Attorney's Office
             Eastern District of Wisconsin
             517 East Wisconsin Avenue
             Milwaukee, Wisconsin 53202
             (414) 297-1700
             benjamin.taibleson@usdoj.gov