UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

    Defendant.

## United States' Reply Regarding Recorded Statements

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Benjamin Taibleson and Adam Ptashkin, Assistant United States Attorneys, hereby file this Reply regarding Hamzeh's proposed exhibits that include his and two confidential human sources' recorded statements.

Several weeks ago, the United States sought the admission of approximately sixty exhibits composed of statements that Hamzeh made, along with the minimum CHS statements necessary to make Hamzeh's statements intelligible. Hamzeh has now identified approximately 100 portions of his and the CHSs out-of-court statements that he would like to put before the jury. He relies on an expansive understanding of what constitutes a "verbal act." His argument is that, in light of his entrapment defense, nearly any conversation he and the CHSs had is admissible, because it might have had an effect on Hamzeh's state of mind, or reflected a person's present sense impression, or might

have contributed to his inducement, as a legal matter, to commit the crime. And once a CHSs statement is rendered non-hearsay via that route, he argues, then any Hamzeh statement near it is admissible under the rule of completeness. Hamzeh Recorded Statement Motion at 2 (CHS statements are offered to "show their effect on Hamzeh. Hamzeh's statements then are relevant for context."). The defense also takes a very expansive view of relevance. Beyond the above, any statement that is not explicitly inculpatory is relevant, for example, because it is exculpatory evidence of Hamzeh's predisposition.[1]

Ultimately the United States is grateful the parties have now both identified the statements they would like to introduce. And now the defense has actually identified the statements it wishes to admit, it is possible for the United States to respond.

In short, the United States does not object to the admission of most of the defendant's recording/transcript exhibits. The Court may determine that many are cumulative as presented at trial, and the United States takes no position on that at present. But for approximately 75 sets of statements, the United States raises no objection. And for 15 more, the United States does not object if modest additional adjacent statements are

---

[1] The defense contradicts *Mayfield* when it argues: "predisposition had to predate the first *contact* by the informants." Hamzeh Recorded Statement Brief at 2-3 (emphasis added). *Mayfield* is clear; in the Seventh Circuit: "The defendant's predisposition is measured at the time the government first *proposed the crime.*" *United States v. Mayfield*, 771 F.3d 417, 438 (7th Cir. 2014) (emphasis added). The "first contact" statement might be true if the government proposed the crime the first time they were in contact with the defendant – in this case, that would be the relevant analysis if Hamzeh were asserting that the UCEs entrapped him, because they offered to sell him illegal weapons the first time they met.

2

included on completeness grounds, as indicated below. That covers the overwhelming majority of the defense's statements.

Most of the remaining statements are not relevant to the jury's analysis, even under the most generous interpretation of relevance. The United States thus objects to only ten of the 103 proposed exhibits on relevance grounds. Hamzeh bears the burden of explaining how the material sought to be admitted is relevant and why its introduction is necessary to explain or place in context the admitted portion. *United States v. Sweiss*, 800 F.2d 684 (7th Cir. 1986).

The balance are objectionable for other reasons – including that (1) the proposed recording is just a second recording of the same exchange included in a different exhibit without any material changes; and (2) that the proposed exhibit is plainly offered as a true statement in support of the defense's legal position. Of the 103 statements Hamzeh identifies, three are manifestly inadmissible hearsay offered for the truth of the matter asserted. First, at proposed Exhibit 3088, Hamzeh seeks to admit a conversation between Mike and Steve because Steve says, "I don't know what is wrong with him. Samy is naïve. He talks too much. And when you talk to him I don't know. He keeps talking foolishly . . . ." Hamzeh is not a part of that conversation, it cannot be offered for its effect on him. It is not an excited utterance, and Steve is not describing something he was observing in that moment. Nor is he describing his state of mind. This is just an assertion the defense wants the jury to believe – that Hamzeh is naïve. Proposed exhibit 3088 is inadmissible.

Similarly, proposed Exhibit 3063 Mike tells Hamzeh not to play into the stereotype of a Muslim man who wants to commit a terrorist attack and instead to just "live his life."

3

He also says to Hamzeh "you're stupid." It is hard to see why the defense would seek to admit this unless as support for their claim that Hamzeh is not smart. This appears to be offered for the truth of Mike's statement, and is therefore inadmissible.

Finally, Hamzeh seeks to introduce the following exchange at the end of his Exhibit 3153:

> SAMY: I thought it was similar like yours man. We are coming came on the basis, of it being the same man …
> MUNTASSER: Okay, you should not get upset with me, *man.*
> SAMY: But, we agreed as such o Muntasser. It is not right that we come and find a different weapon, but, okay, *it is okay*. It is not a problem.

This is being offered for the truth of the matter asserted by Hamzeh and is inadmissible. It is not an excited utterance, he says it after he has been presented with weapons he can buy, negotiated for them, and then bought them and walked away. And it will only be used to confuse the jury. The parties will be able to play the full undercover sale, including Hamzeh's statements that he wanted automatic weapons, but smaller ones that could be more easily hidden into an attack site. That physical size complaint is not legally relevant, and would only confuse the jury if allowed in during the interrupted conversation that followed the sale. This portion of Exhibit 3153 should be excluded. Hamzeh's statements during the transaction are substantially more probative.

In Exhibits 3082, 3086, and 3135, Hamzeh is not part of the conversations. These are not Hamzeh describing or even alluding to his state of mind, nor is anything said by anyone else that could affect him. The subject matter of these conversations is not relevant to the offense or entrapment. The statements are inadmissible.

4

The two tables below set out the defense bases for the admission of their exhibits and includes the United States' bases for excluding them as (1) inadmissible because they are irrelevant; or (2) require additional inclusions under the rule of completeness.

Irrelevant Proposed Exhibits

| Defense Exhibit | Basis for Irrelevance Objection |
|---|---|
| 3049<br><br>DD22 page 33 | *Defense basis: "Verbal act, truth irrelevant. Shows Mike's sympathy appeals to how bad things are for him, and Hamzeh hedging on his statements about what they'd do in Jordan. Also necessary for context if government's statements come in."*<br><br>Response: Mike stating he is not happy is irrelevant to the elements of the offense or entrapment. |
| 3050<br><br>DD22 page 42 - 45 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind. Shows Mike's efforts to use of money to influence Hamzeh, and Mike's ability to take the lead of things. This includes purchasing the bullets and Hamzeh's ignorance of bullets and shooting ranges, which tie in to later statements."*<br><br>Response: Mike stating he has money is irrelevant to the elements of the offense or entrapment. |
| 3052<br><br>DD22 page 80 - 81 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind. Shows Mike's efforts to create a friendship with Hamzeh, and that Mike is in control."*<br><br>Response: As with Exhibit 3150, Mike stating he has money is irrelevant to the elements of the offense or entrapment. |
| 3055<br><br>DD25 page 3 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind. Shows Mike early and frequent tendency to send Hamzeh videos and early appeals to Hamzeh's religious sensibilities."*<br><br>Response: There is no reason to believe that the video sent is relevant to that case, nor that sending videos in general is relevant evidence. Also, a generic comment about praying is not relevant. |
| 3065<br><br>DD45 PT3 page 4 - 5 | *Defense basis: "Verbal act, truth irrelevant, also not truthful, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. Shows Mike instigating conversation about additional persecution of Muslims with stepping on the Quran and how "real men would not let that happen." (Tr. 5). Also, shows Mike taking the lead to Gander Mountain."* |

| | |
|---|---|
| | Response: This is confusing and irrelevant to the offense or entrapment as offered. Mike does not instigate this conversation at all, he responds to Hamzeh's statements immediately preceding this one (which the defense does not include). |
| 3107<br><br>DD90 PT 1 page 3 - 5 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. It is also a lie. The statement is indicative of Hamzeh creating additional ways of backing out. He invents a need to go to Washington D.C. two days later to do immigration paperwork for his sister. (4). And then he quickly changes it to driving there."*<br><br>Response. This is irrelevant to the offense or entrapment. This is not Hamzeh describing or even alluding to his state of mind, nor is anything said by anyone else that could affect him. |
| 3111<br><br>DD90 PT 2 page 19 - 21 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. Hamzeh again frustrates things with a trip to Washington. There is no evidence any was planned. If we had the text messages and phone calls we could prove it. Also, it is indicative of Mike's pressure on Hamzeh to not just make sure it's not postponed with a trip to D.C. but that it happen Monday."*<br><br>Response: Washington trip statements are irrelevant to the offense or entrapment. This is not Hamzeh describing or even alluding to his state of mind, nor is anything said by anyone else that could affect him. This is just a defense theory about a facially irrelevant statement. |
| 3117<br><br>DD92 page 30 - 31 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind.*<br>*This shows Hamzeh inserting a plan to go to Washington and that they will take the weapons to go outdoors shooting, which Mike has groomed Hamzeh to enjoy."*<br><br>Response: Washington trip statements are irrelevant to the offense or entrapment. This is not Hamzeh describing or even alluding to his state of mind, nor is anything said by anyone else that could affect him. This is just a defense theory about an irrelevant statement. |
| 3121<br><br>DD95 PT1 page 26 - 27 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. The statement shows Hamzeh's desire to return to normal with his friends and go play pool and Mike's departure in disgust. (26-27). All of which speaks to his subtle manipulation."*<br><br>Response: This is a conversation about playing pool. It is irrelevant to the offense or entrapment. |
| 3149 | *Defense basis: "Verbal act, truth irrelevant. Goes to motive and intent. To the extent its considered hearsay, it is a then existing state of mind. Rule of completeness.* |

6

| Defense Trans. 3-5 | *This goes to Steve's ability and plans to stay in the country which have been in flux, with his uncertain paperwork and why Hamzeh would cover for him during his post-arrest statements."* |
|---|---|
| | Response: Steve talking about his hotel is irrelevant to the offense or entrapment. |

Rule of Completeness

| 3071<br><br>DD45 PT 4 page 14 | *Defense basis: "Verbal act, truth irrelevant, also not truthful, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. Mike is again prodding Hamzeh by appealing to his religious sensibilities and those who would step on the Quran."*<br><br>Response: This portion ends with Mike's question about whether Hamzeh wants to wage jihad, should include Hamzeh's answer: "Yeah." |
|---|---|
| 3072<br><br>DD45 PT 4 page 15 | *Defense basis: "Verbal act, truth irrelevant, also not truthful, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. Rule of completeness. Mike tells Hamzeh that they can go shooting up north, in an open field, fostering friendship and comradery. This idea originates with him.*<br><br>Response: The identified portion is confusing without the remainder of the conversation, which ends at page 17 line 12. |
| 3074<br><br>DD45 PT 5 page 7 - 8 | *Defense basis: "Verbal act, truth irrelevant. To the extent it's thought hearsay, it would be a then existing state of mind and present sense impression.*<br>*Mike sowing further confusion with Hamzeh and his understanding of what guns Mike has. The guns are not automatic, they have serial numbers, but they are illegal. It also shows Hamzeh's then existing state of mind about them: if they catch you, they will fuck you."*<br><br>Response: This should begin at page 5 line 2, where Hamzeh asks: "Nice. How many weapons do you have now?" Otherwise, Mike's response is confusing. |
| 3090, 3091, 3092, 3093<br><br>DD73 PT 8 page 6-7 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. It shows that Mike is controlling availability and cost. Also, Hamzeh's statement about "renting the weapons" and Mike's response shows both Hamzeh's utter ignorance of firearms, and it shows Mike's leadership role."*<br><br>Response: The defense's exhibit ends with Steve asking Hamzeh "what is your plan?" It is necessary under the rule of completeness to include Hamzeh's answer to that question. In the United States' exhibit, this passage ends at Page 25 line 28, and therefore includes defense exhibits 3091 and 3092. This could be extended to page 27 line 29 to include defense |

7

| | |
|---|---|
| | exhibit 3093 as well. Ultimately, leaving out Hamzeh's description of his own plan would mislead the jury into thinking he did not have one. |
| 3104<br><br>DD84<br>PT 3 - 4<br>page 34 - 35 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. The statement shows the ambiguity of the guns being bought. Mike says that there are two guns: a Kalashnikov and M16. And Mike says his weapon (a semi-automatic) is a Kalashnikov."*<br><br>Response: it is necessary under the rule of completeness for this exchange to continue to Page 37 line 5. Hamzeh describes his weapons preference and features he wants, and why. |
| 3115, 3116<br><br>DD92<br>page 19 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. The statement shows the ever changing plan from Milwaukee to Texas to Indiana."*<br><br>Response: For completeness, this passage should start at Page 16 line 8 and run through page 21 line 10. Hamzeh's complete description of his plan should be included. This would also cover Exhibit 3116. |
| 3118, 3119<br><br>DD95<br>PT1<br>page 17 - 18 | *Defense basis: "Verbal act, truth irrelevant, effect on Hamzeh's state of mind, and Hamzeh's then existing state of mind. Mike is still in control of the plan and he also tells Hamzeh that there will be lots of weapons to choose from. (17). An important point for when Hamzeh asks for a smaller gun, when he is shown what is brought. It is all part of Mike's bait-and-switch move. It also goes to Hamzeh's belief that they will go target shooting with the weapons and his focus on seeing the Imam."*<br><br>Response: For completeness, Exhibits 3118 and 3119 should not carve 23 lines from the middle of a 16 page stretch – those exhibits should just be combined and the short portion between them should be included. |
| 3133, 3150<br><br>DD104<br>pages 12-17 | *Defense basis: "This is fuller transcript of the discussion in Ex. 3133, and it's admissible for the same reasons expressed there. Verbal Act, Truth Irrelevant. Goes to motive and intent. To the extent its considered hearsay, it is a then existing state of mind."*<br><br>Response: Like 3133, if it is to be included it should include Hamzeh fully explaining himself through to his statement "Because if we are caught in this, we will be considered as terrorists, there is no…It is inevitable, I mean." |

The United States has sought to object as minimally as possible. It is challenging to assess relevance, though, without knowing what evidence the United States will be permitted to present to the jury. The United States continues to respectfully request that

8

the Court allow it to show the jury the defendant's statements indicating his wish to acquire illegal weapons and commit a mass casualty attack for which illegal weapons are particularly suited as evidence of his predisposition and the lack of inducement in this case. Given that the entrapment defense makes his state of mind relevant, it matters what he was thinking and saying. That evidence is essential to the prosecution because a jury that does not know Hamzeh made statements indicating a wish to, for example, "spray" bullets into a crowd will not have an accurate understanding of his predisposition.

Dated at Milwaukee, Wisconsin this 8th day of October, 2019.

Respectfully submitted,
MATTHEW D. KRUEGER
United States Attorney

By: */s/ Benjamin Taibleson*

Benjamin Taibleson
Adam Ptashkin
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 297-1700
benjamin.taibleson@usdoj.gov
adam.ptashkin@usdoj.gov