UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

    Defendant.

**United States' Response to the Defendant's Omnibus Memorandum Re: Statements**

The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, Adam Ptashkin and Benjamin Taibleson, Assistant United States Attorneys, hereby file this Response to the Defendant's Omnibus Memorandum Re: Statements.

The defendant has identified on its Exhibit List over 100 portions of conversations recorded by the CHSs in this investigation. The United States previously stated on October 8, 2019 that it had no objection to approximately 75 of these statements. R. Doc 315. The United States also did not object to another 15 statements if some adjacent statements were added to the exhibits. The United States reiterates the objections it made in its Reply Regarding Recorded Statements (R. Doc. 315) to a small minority of the defendant's exhibits that contain the recorded conversations. Also, the United States did not object to all of the defendant's exhibits that contain the defendant's out of court statements on October 8 because the United States assumed these un-objected-to statements would be admissible because the United States had opened the door by playing its statements, and under the rule of completeness. When heard by the jury in context with all of the

1

defendant's statements in the United States' exhibits, the defense exhibits would not have mislead the jury as it analyzed the facts of the case. However, in light of the exclusion of the overwhelming majority of the statements offered by the United States, the statements offered by the defense must also be excluded.

Given this exclusion of many statements in which the defendant expressed his desire to obtain machineguns in order murder people in Israel, and later to obtain machineguns to murder people in downtown Milwaukee, the United States now objects to the admission of all of the defendant's and the CHSs' statements in the recorded conversations[1] when offered into evidence by the defendant. The defendant claims all of these statements are mere verbal acts. They are instead hearsay, offered for their truth, and offered as substantive evidence to support an entrapment defense. This objection applies to Defense Exhibits 3001-3004, and 3006-3138, which feature the defendant's own out of court statements, and out of court statements of the CHSs. Given the exclusion of most of the United States' exhibits from the recorded conversations, the defense exhibits are no longer needed under the rule of completeness.

The defendant's exhibits are also inadmissible under FED. R. EVID. 403, as the probative value of the statements is substantially outweighed by the danger of misleading the jury and unfair prejudice. For example, the jury would hear about the small number of times the defendant wanted a handgun for personal protection, but will not hear the decidedly more numerous occasions when he talked about his distinct desire to murder a large number of people, which he could only do with

---

[1] The defendant should not be allowed to offer into evidence any of his own out-of-court-statements, since he is not a party opponent of himself. *United States v. Reese*, 666 F.3d 1007, 1018–19 (7th Cir. 2012) (holding that the defendant's "own statements in the recording were hearsay when offered by [the defendant] for the truth of the matter asserted") (citing *United States v. Davenport*, 929 F.2d 1169, 1175 (7th Cir. 1991) (noting that the defendants' statements, to the extent they were exculpatory, would not have been admissible at their trial because the statements were hearsay)). *See also United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."

machineguns. The jury should not be allowed to hear the defendant's statements the defense seeks to offer, because the jurors will not be able to view these statements in the context of all of the excluded statements.

Dated at Milwaukee, Wisconsin this 18th day of October, 2019.

Respectfully submitted,
MATTHEW D. KRUEGER
United States Attorney

By: */s/ Adam Ptashkin*
Adam Ptashkin
Benjamin Taibleson
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 297-1700
adam.ptashkin@usdoj.gov
benjamin.taibleson@usdoj.gov