UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

                                            Case No. 16-CR-21 (PP)

*vs*.

SAMY M. HAMZEH,

    *Defendant*.

## SEVENTH MOTION IN LIMINE:
## BARRING STEVE'S STATEMENTS TO THE AGENTS.

At trial, the fight will be waged on whether Hamzeh was predisposed to commit this crime. And the defense has repeatedly stressed why that is measured before Hamzeh's first contact with the informants. Here, Steve's first contact with the FBI was on August 17, 2015. It's the defense's position that his actions from that point on are marked as being in league with the government. Recent discovery puts the first substantive report with Steve concerning Hamzeh on August 20, 2015. Consistent with *Jacobson*, the measure for Hamzeh's predisposition should be August 17 or at the very latest August 20. The discovery includes statements Steve made to the FBI between August 2015 and January 25, 2016, about Hamzeh. These statements cannot be entered into evidence through the agents because the statements are hearsay and testimonial; they violate Rule 802 and Hamzeh's confrontation rights under the Sixth Amendment.

The government hasn't proffered what statements it wants to introduce from Steve. But since *all* of Steve's statements that would be relevant at trial go to Hamzeh

getting a weapon, then those statements would be offered for the truth of the matter asserted—*i.e.,* Hamzeh was going to Palestine to get a weapon or Hamzeh reported he had a weapon or Hamzeh said this or that about getting a weapon. Anything that would go to Hamzeh's predisposition (or inducement) and what Steve related to the officers about those topics would necessarily be hearsay. It's an out-court-statement offered for the truth of the matter asserted—Hamzeh revealed his predisposition by saying this or that about a weapon. *See* Rule 802.

Not only would the statements be hearsay, given Steve's absence at trial, their introduction through the agents would violate the Sixth Amendment. The test in *Crawford* and *Davis* focuses on what is the statement's primary purpose—was it meant to further a prosecution. *Crawford v. Washington,* 541 U.S. 36, 53–54 (2004); *Davis v. Washington*, 547 U.S. 813, 822 (2006) (noting statements are testimonial when "the primary purpose of the interrogation "is to establish or prove past events potentially relevant to later criminal prosecution"). Here, Steve's statements to the FBI (those recorded in reports and that the agents might repeat) are all testimonial. The criminal investigation began in August, and the statements are all meant to further that investigation and future prosecution. *See Michigan v. Bryant,* 562 U.S. 344, 377 (2011) (noting "the circumstances lacked any formality that would have alerted Covington to or focused him on the possible future prosecutorial use of his statements"). By acting as an informant, Steve knew that every statement he made to the agents might be used in a criminal prosecution. He was, after all, dealing with the FBI as a confidential informant. Thus, his testimonial statements

cannot be introduced against Hamzeh. *United States v. Walker,* 673 F.3d 649, 657 (7th Cir. 2012) ("The Court thus has held that under the Confrontation Clause, testimonial statements of a witness who did not appear at trial may be admitted only if the witness is unavailable and the defendant had a prior opportunity to cross-examine."). And the defense respectfully requests an order prohibiting the government from attempting to introduce any.

The government's likely response is that it's not offering Steve's statements to the agents for their truth. That invites two responses from the defense. First, if Steve's statements are not offered for their truth, then they aren't relevant. Not knowing the statements they will seek to introduce, it's not worth speculating. But even if there is a tangential-relevance claim (something apart from Hamzeh's predisposition), then the danger of unfair prejudice and juror-confusion would substantially outweigh the statement's probative value. That's the first point.

Here's the second: when the government attempts to skirt *Crawford* and the Confrontation Clause by dressing up direct evidence as something else, the courts have been quick to call foul: "We note that there is a concern that the government may, in future cases, seek to admit based on 'context' statements that are, in fact, being offered for their truth." *Untied States v. Nettles,* 476 F.3d 508, 517 (7th Cir. 2007). And that does, unfortunately, happen. In *Walker,* the government brought in a confidential informant's statements through an agent:

> Ringswald's statements to Agent Inlow conveying that Walker gave him the Smith & Wesson revolver, as well as his recorded statement in the forest

3

Federal Defender Services
of Wisconsin, Inc.

> preserve alerting Agent Bayless about the newly acquired Sturm Ruger revolver, are textbook hearsay. *These statements were offered for their truth, and we are disturbed by the government's assertion that they were introduced for the ostensibly nonhearsay purposes of providing "context" and showing the course of the government's investigation.*

673 F.3d at 657 (emphasis added). That is, the government can't dress up a hearsay statement as coming in for a non-hearsay purpose and then introduce it without giving the defense the opportunity to confront the witness. *Id.*

It's worth adding that the Court's discussion in *Walker* continued with three points that will help guide the analysis here. First, it remarked that "[t]he government's position displays a misunderstanding about the permissible use of an informant's out-of-court statements." *Id.* Second, it clarified when statements could be admitted: "We have explained that such statements are admissible as non-hearsay when offered to make *a defendant's recorded statements intelligible for the jury (that is, for context)*, or when brief and essential to 'bridge gaps in the trial testimony' that might significantly confuse or mislead jurors." *Id.* at 657–58 (emphasis added) (citation omitted). And third, the most critical point: "these limited non-hearsay uses *do not 'open the door for law enforcement officers to 'narrate the course of their investigations, and thus spread before juries damning information that is not subject to cross-examination.'*" *Id.* at 658 (quoting *Jones v. Bassinger,* 635 F.3d 1030, 1047 (further quotation omitted) (emphasis added)). That is all to say, Steve's statements to the agents are not just hearsay but given Steve's absence their introduction also violates the Confrontation Clause and cannot be admitted at trial.

4

Federal Defender Services
of Wisconsin, Inc.

Thus, the defense respectfully requests that the Court bar the introduction of any statements from the agents about what Steve told them about Hamzeh. This motion has been directed at Steve because he's not testifying at trial. The defense is under the impression that Mike will. If, however, Mike doesn't, the logic of this argument would naturally extend to him as well.

Dated at Milwaukee, Wisconsin this 18th day of October 2019.

Respectfully submitted,

/s/      *Craig W. Albee*
Joseph A. Bugni, WI Bar No. 1062514
Craig W. Albee, WI Bar No. 1015752
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
517 E. Wisconsin Ave - Rm 182
Milwaukee, WI  53202
Tel. (414) 221-9900
E-mail:  joseph_bugni@fd.org

*Counsel for Defendant*, Samy M. Hamzeh