UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

                                            Case No. 16-cr-21-PP

*vs*.

SAMY M. HAMZEH,

    *Defendant*.

## NINTH MOTION IN LIMINE
## RE: AGENT LINDEMAN'S TESTIMONY

Samy Hamzeh, by counsel, files this ninth motion in limine concerning Agent Lindeman's notice and the basis for his testimony. The Court's Order concerning Lindeman's testimony and the government's ability to argue about glock switches (R.333) addressed the most glaring problems with the agent's testimony. But given his continued placement on the government's witness list the defense moves under Rule 16(a)(1)(G) for a more definite summary of his testimony and what we don't have and what we need under Rules 703 and 705 for the basis of his testimony.[1]

The defense's initial concern was that Lindeman would be a vehicle for introducing irrelevant information concerning the availability of devices that meet the

---

[1] Hoping to avoid yet-another filing, on Friday evening the defense sent this motion to the government and asked for a response—the government could, after all, correct the deficiencies with a simple letter. The government has not responded, so the defense is filing this ahead of trial. If the parties do resolve this before Wednesday, the defense will file a notice withdrawing this issue.

Federal Defender Services
of Wisconsin, Inc.

statutory definition of machine guns but are not "machine guns" similar to what Hamzeh purchased. That issues was decided in the defense's favor. *See* R.333. Despite a supplemental notice (R.308), the government's Rule 16 notice fails to meet the demands of Rule 16(a)(1)(G). And as it stands, the defense cannot adequately prepare for his testimony without a written summary of his testimony and the basis for his testimony. *See* Fed. R. Crim. P 16 & Fed. R. Evid. 705.

Under Rule 16(a)(1)(G) the government must provide a "written summary" of the expert testimony it intends to introduce. This obligation isn't satisfied by merely providing the defense with a "list of topics" that the witness will cover. *United States v. Duvall*, 272 F.3d 825, 828–29 (7th Cir. 2001). Rather, "[t]o help the defendant prepare for trial, the disclosure must summarize what the expert will actually say about those topics." *United States v. Williams*, 900 F.3d 486, 488–89 (7th Cir. 2018). In *Williams* (a case originating in this district) the Seventh Circuit was clear that the demands of Rule 16(a)(1)(G) applies to testimony of experts like Lindeman.

> The "written summary" requirement of Rule 16(a)(1)(G) applies to "any testimony that the government intends to use under Rule[ ] 702," and Rule 702 governs both experts who offer an opinion and those who don't. And in defining the phrase "written summary," we have stated broadly and unequivocally that Rule 16(a)(1)(G) "requires a summary of the expected testimony, not a list of topics." Neither the rule nor our interpretation of it suggests that "written summary" means something different for non-opinion experts.

*Williams*, 900 F.3d at 489 (citation omitted). The standard is simple and straight forward: the government must provide a summary of what agent Lindeman will testify to—a list of topics will not cut it.

2

Federal Defender Services
of Wisconsin, Inc.

As it stands, and as the Court can see from the government's supplemental notice, all the government provides is a list of topics. We are told in the initial notice and in the pretrial filing that:

> We expect that he will testify about the availability of machine guns, silencers, and other equipment that make firearms function as automatic weapons. We expect that he will testify about ATF seizures of machine guns of and silencers.

R.259. That's not a summary. And the letter sent to counsel on September 3, provides about the same:

> The United States expects to call ATF Special Agent John C. Lindeman as an expert in the field of firearms and the interstate nexus of firearms. We expect that he will testify about the availability of machine guns, silencers, and other equipment that make firearms function as automatic weapons. We expect that he will testify about ATF seizures of machine guns of and silencers. Special Agent Lindeman's resume has not been included for security purposes.

It is simply a list of topics. Nor is what remains of the notice provided in the government's brief regarding ATF Special Agent Lindeman (R.308).

There is simply a list of topics that he will discuss. The bullet points listed below are taken from this Court's order concerning Lindeman's testimony R.333, and it is what remains after the Court's ruling.

- [w]e expect that Special Agent Lindeman will testify about ATF's seizures' [sic] of machineguns from 2015-2019 in the United States, in the Midwest, and in Wisconsin. We expect that he will also testify that he has personally worked on cases in Wisconsin during which machineguns were seized.

- We expect that he will testify about the national system in place for registration of machineguns and why there is a requirement to register machineguns but not handguns. We expect that he will testify that machineguns, when sold illegally on the street, are regularly sold below the market value of the machineguns when they are legally sold and registered.

3

Federal Defender Services
of Wisconsin, Inc.

Case 2:16-cr-00021-PP-WED   Filed 10/21/19   Page 3 of 5   Document 364

- We expect that he will testify than the Milwaukee Police department also seizes significantly more machineguns annually than the ATF in Milwaukee. Absent a stipulation, we expect that he will testify that the defendant did not register the machineguns and silencer relevant to the indictment prior to January 25, 2016.

R.333:13–14. The Court was quoting the government's notice, and it's very clear that what's provided there is not a summary but a list of topics—a list of topics without any reference to the data it's based upon.

Lest, there be any doubt about whether that cuts it under Rule 16 and the Circuit's precedent, here is what the Seventh Circuit found *did not* meet the demands of Rule 16:

> Detective Erk will identify code language, the manner in which methamphetamine is distributed, tools of the trade in the distribution of methamphetamine, street prices of methamphetamine and the manner in which "cut" is added to methamphetamine to increase the amount of profit in the methamphetamine business. Detective Erk will also testify concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use.

*Duvall,* 272 F.3d at 828. There is little (bordering nothing) additional provided in the government's notice concerning Lindeman.

Thus, consistent with the demands of Rule 16(a)(1)(G) and the Seventh Circuit's decision in *Williams,* the defense moves for an actual summary of Lindeman's testimony as it relates to his experience with the seizure of machine guns in Wisconsin during the relevant time period. That, according to the Court's order is 2015–2016. Now, it may be that after this Court's order (R.333), Lindeman will no longer be called. His testimony about machineguns was really just related to "machineguns" that are glock switches and bump-stocks. So now he's out. Fine. But if he's going to testify about the availability of Heckler and Smith machineguns that cost upwards of ten thousand dollars on the streets

4

Federal Defender Services
of Wisconsin, Inc.
Case 2:16-cr-00021-PP-WED   Filed 10/21/19   Page 4 of 5   Document 364

of Milwaukee, then we need a summary of that testimony and the basis for that testimony. *See* Rule 703 & 705.  In sum and to be clear, the defense is not moving to strike Lindeman. He is qualified to testify as an expert. The defense is simply moving for a summary of his testimony and the basis for it under Rule 16 and Rules 703 and 705.

Dated at Milwaukee, Wisconsin this 21st day of October 2019.

>Respectfully submitted,
>
>/s/     *Craig W. Albee*
>Joseph A. Bugni, WI Bar No. 1062514
>Craig W. Albee, WI Bar No. 1015752
>FEDERAL DEFENDER SERVICES
>  OF WISCONSIN, INC.
>517 E. Wisconsin Ave - Rm 182
>Milwaukee, WI  53202
>Tel. (414) 221-9900
>E-mail:  joseph_bugni@fd.org
>
>*Counsel for Defendant*, Samy M. Hamzeh