UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      *Plaintiff*,

      Case No. 16-cr-21-PP

*vs*.

SAMY M. HAMZEH,

      *Defendant*.

**BRIEF CONCERNING THE DEFENSE'S EXCERPTS IMPACTED
BY THE COURT'S ORDER AND MOTION TO FIND WAIVER**

Samy Hamzeh, by counsel, files this brief elaborating on the defense's response to the Court's Order on Hamzeh's statements and to move that the Court find that the government has waived its recent objection to their admissibility.

On October 16, 2019, the Court issued a ruling that excluded numerous statements that had been proffered by the government because they were either irrelevant or unfairly prejudicial. R. 342. In light of that ruling, the defense filed a supplement brief identifying the statements that were impacted by the Court's ruling. *See* R.353. The defense has gone through each statement and for many, no ruling is necessary. There are, however, a few others that the Court will have to evaluate and others the government may wish to present. These are each noted in the chart below. Additionally, what follows is a brief outline of what has transpired with the defense's excerpts and the defense's argument for why the government has waived its recent objection asserting that *all* of Hamzeh's

Federal Defender Services
of Wisconsin, Inc.

statements should be excluded; and thus, those excerpts that the government did not object to should be deemed admitted.

### I. The government has waived any objection to Hamzeh's proffered excerpts that was not contained in its response brief, R.315.

As the Court knows, the government initially moved to keep out *all* of Hamzeh's statements. R.272:15–17. It argued in roughly two pages that Hamzeh is not a party opponent, so his statements are hearsay and can't come in. See R. 272:15-17. The defense responded outlining the many potential reasons the statements would be admissible. *See* R.291:8–18. But the defense did not turn over all of the excerpts that it intended to offer. The parties had been working with a bates-numbering system, and when the government marked its exhibits it removed the bates numbers and added line numbers. This affected the page numbering and citations and required additional time to make the excerpts into exhibits. This was explained at the final pretrial conference. R.316:31–32. At that time, the Court noted the various exceptions to the hearsay rule and how it would wait on any objection from the government until it saw the defense's excerpts and the reasons offered for admitting them:

> we have a rule that takes up six pages of the federal rules of evidence that lists all the exceptions to hearsay and it's almost impossible for me to say as a blanket ruling that anything that Mr. Hamzeh might want to put in is hearsay because he might want to put in some of it to show state of mind. Some of it may fall under certain exceptions.

*Id.* at 30. Indeed.

A week later, the defense filed a supplemental brief with the 104 exhibits it sought to introduce. This included a thirty-eight page brief outlining the various theories of

2

Federal Defender Services
of Wisconsin, Inc.

Case 2:16-cr-00021-PP-WED    Filed 10/22/19    Page 2 of 8    Document 370

admissibility and an eighteen-page chart with each corresponding exhibit and why it was admissible and relevant. *See* R.310.

In its response brief (R.315), the government objected to only two dozen exhibits from the 104 excerpts, and most of those objections were on rule of completeness grounds. The government wrote:

> In short, the United States does not object to the admission of most of the defendant's recording/transcript exhibits. The Court may determine that many are cumulative as presented at trial, and the United States takes no position on that at present. *But for approximately 75 sets of statements, the United States raises no objection. And for 15 more, the United States does not object if modest additional adjacent statements are included on completeness grounds, as indicated below. That covers the overwhelming majority of the defense's statements.*

R.315:2–3 (emphasis added). That meant that only about a dozen or so statements needed a ruling on admissibility for hearsay or relevancy grounds. Another dozen fell under the rule of completeness. *See id.*

Days later, the defense filed its reply brief (R.322), and it was geared *specifically* to the arguments the government made against those dozen or so excerpts concerning hearsay and then noted what objections on completeness grounds were resolved by the parties. Thus, there are (or were) only about a dozen or so exhibits that needed a ruling from the Court. *See* R.322. After all, the government was not objecting to the "overwhelming majority of the defense's statements." R.315:2–3. With that filing, briefing on the matter was closed.

Then when the Court issued its ruling on the government's excerpts (R.342), there was some overlap between the court's ruling and the defense's proposed exhibits. At the

3

Federal Defender Services
of Wisconsin, Inc.
Case 2:16-cr-00021-PP-WED   Filed 10/22/19   Page 3 of 8   Document 370

status conference on October 16, the defense flagged the potential overlap, but was unsure how we wanted to address those exhibits that were impacted by it. In a filing on Friday, October 18, the defense noted the 20 exhibits that were impacted and asked for the weekend to address those transcripts and what the defense would propose to do. *See* R.352.

That afternoon, the government filed a three-page brief, noting that it was no longer agreeing to the overwhelming majority of the defense's statements coming in; instead, it was now (like it did before) objecting to everything because it's not the statement of a party-opponent. See R.355, n.2. This argument is undeveloped and should be deemed waived. As the Court noted at the final pretrial conference, there are other exceptions to the hearsay rule. R.316:30. And as the defense argued in thirty-eight pages, *most* of the statements the defense is seeking to enter are not for their truth but to show the impact on Hamzeh and Hamzeh's statements provide the needed context. *See United States v. Fernandez,* 914 F.3d 1105, 1111 (7th Cir. 2019). And the defense articulated *all* the other various exceptions for admitting the statements. The Court has enough to read, so the defense won't copy-and-paste its brief. It's enough to note that the defense has articulated why the statements are admissible, the government did not contest those arguments—it conceded admissibility. *See* R.315. It can't now, two days before trial revert to the same undeveloped objection. An objection that doesn't (in any way) respond to either the Court's observations at the final pretrial conference or the defense's arguments. *United States v. Scalzo*, 764 F.3d 739, 744 (7th Cir. 2014) (government waived procedural argument "by responding to [the defendant's] argument on the merits").

4

Federal Defender Services
of Wisconsin, Inc.

Thus, the defense asks that the Court find that the government has waived any objection to the defense's excerpts that was not contained in its brief (R.315).

**II.     The excerpts that the Court still has to rule upon.**

The recent filings could spark some confusion on what remains to be decided. So the defense wants to be very clear: we are still seeking to admit the 104 exhibits that are noted in R.310. Again, the government's specific objections in R.315 were limited to a dozen or so. *See* R.315 (objecting to Ex. Nos. 3049, 3052, 3055, 3065, 3071, 3072, 3074, 3093, 3104, 3107, 3111, 3115, 3116, 3117, 3121, 3133, 3149, 3150). Those objections have to be settled by the Court. When it comes to the twenty statements that were impacted by the Court's order, we will modify most of them to conform with the Court's order so no action is necessary by the Court. That being said, what follows below is a chart with each exhibit that is impacted by the Court's ruling. Again, no action needs to be taken for those noted. And the ones that are noted where some action should (or could be taken) are noted, and the defense is seeking their admission for the reasons stated in the original brief. *See* R.310. Only one of the statements in this chart was objected to by the government in R.315 and that is exhibit 3050.

A few final points that are worth noting but that the Court is aware of is that the fact that a statement may be inadmissible for one purpose doesn't mean it's not admissible for another. "[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case." *United States v. Abel,* 469 U.S. 45, 55 (1984).

5

Federal Defender Services
of Wisconsin, Inc.

And that's especially true when it comes to relevance, where a statement or a portion of a statement may not be relevant to one fact but does bear on another.

All that being said, in the defense's view the Court only needs to rule on the admissibility of those statements objected to in R.315 and those where the Court's ruling has impacted the exhibit and some additional ruling may be needed, depending on the government's position. Those statements are noted in the chart.

| EX | Where things stand |
|---|---|
| 3041 | We will amend the exhibit to conform to the Court's order. No ruling is necessary. |
| 3042 | We will withdraw the exhibit. No ruling is necessary. |
| 3050 | Portions have been deemed admissible. It is admissible for the reasons previously given. We are requesting the entirety of 3050 be admitted. |
| 3056 | Portions of this exhibit have been deemed admissible. We are requesting the entirety of 3050 be admitted. |
| 3076 | All of this has been deemed admissible. No ruling is necessary. |
| 3083 | We will withdraw this exhibit. No ruling is necessary. |
| 3089 | All of this is deemed admissible. No ruling is necessary. |
| 3090 | All of this is deemed admissible. No ruling is necessary. |
| 3091 | All of this is deemed admissible. No ruling is necessary. |
| 3092 | All of this is deemed admissible. No ruling is necessary. |
| 3096 | We will withdraw the bulk of this exhibit. However, the defense is requesting that the Court enter page 8 line 35 through page 9 line 6. It provides necessary context. |
| 3100 | We will modify the exhibit to conform to the ruling. No ruling is necessary. |
| 3101 | We will conform the exhibit to the Court's ruling. No ruling is necessary. |
| 3102 | We will withdraw the exhibit. No ruling is necessary. |
| 3104 | All of this is deemed admissible. No ruling is necessary. |
| 3106 | Portions of this exhibit have been deemed admissible and the additional statements on page 19, the defense will seek to admit to page 19, line 36. They are necessary for context and constitute a verbal act and the impact upon Hamzeh. The government did not initially object to this statement coming in. |

| 3113 | This is a small portion that should be added. The larger portion was inadmissible, but this section is admissible to show that that the amounts came from Mike, that Hamzeh was told that the dealer would bring lots of things. Again, the government did not initially object to this statement coming in. |
|------|---|
| 3118 | We will conform to the Court's ruling and exclude the portion deemed inadmissible. The rest is however admissible for the reasons previously given. Again, the government did not initially object to the statement coming in. |
| 3128 | Most of the statement has been deemed admissible. The additional portion that did not overlap with the government's is needed for context and for the other reasons stated in the initial brief concerning the admissibility. R.310 |
| 3137 | Some of the statement has been deemed admissible. The additional portions are necessary for the reasons stated in the initial brief. R.310 |

### III.  Conclusion.

This case has been fought on many fronts. For years the case was delayed over the accuracy of Hamzeh's statements. The statements are at the core of the entrapment defense and they are admissible because they tell the story of what influence the informants had on Hamzeh. The un-objected to statements should be deemed admitted, and the government's recent, undeveloped objection should be deemed waived.

Dated at Milwaukee, Wisconsin this 22nd day of October 2019.

>Respectfully submitted,
>
>/s/      *Craig W. Albee*
>Joseph A. Bugni, WI Bar No. 1062514
>Craig W. Albee, WI Bar No. 1015752
>FEDERAL DEFENDER SERVICES
>  OF WISCONSIN, INC.
>517 E. Wisconsin Ave - Rm 182
>Milwaukee, WI  53202
>Tel. (414) 221-9900
>E-mail:  joseph_bugni@fd.org
>
>*Counsel for Defendant*, Samy M. Hamzeh