UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: October 22, 2019
JUDGE: Pamela Pepper
CASE NO: 2016-cr-21
CASE NAME: United States of America v. Samy Hamzeh
NATURE OF HEARING: Status Conference
APPEARANCES: Benjamin Taibleson – Attorney for the government
Adam Ptashkin – Attorney for the government
Craig Albee – Attorney for the defendant
Joseph Bugni – Attorney for the defendant
Samy Hamzeh – Defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 10:32 a.m. – 10:39 a.m.

**AUDIO OF THIS HEARING AT DKT. NO. 371**

The court thanked the parties for being available for this hearing on such short notice. The court noted that at the October 16 status conference, the government had indicated that it was considering whether to seek leave to appeal some of the court's pretrial evidentiary rulings. It observed that the government had filed the notice of appeal this morning and indicated that it had called the parties together to discuss logistics, given that the trial had been scheduled to start tomorrow.

All the parties agreed that the government's filing of the notice of appeal required the court to remove the October 23, 2019 trial from the calendar. The court indicated that it had wanted to confirm this so that it could begin to notify court personnel (the jury coordinator, the IT staff, the court security officers and the court reporters) about the scheduling change.

The court reiterated the government's assertion that the filing of the notice of appeal deprived the court of jurisdiction on some issues, particularly any of the orders that the government had appealed and any issues substantively related to the issues in those orders. The court noted that there were pending motions on which it had not ruled:

In Dkt. No. 272[1], the government asked the court to preclude the defendant from introducing any of the statements made by the defendant or the informants in the recorded conversations, arguing that those statement constituted inadmissible hearsay as to the defendant. (The defendant filed a brief arguing that the statements were not hearsay, dkt. no. 310, along with the portions of the recorded conversations he wanted the court to admit, dkt. no. 311. The government filed a reply to the defendant's brief, dkt. no. 315, and

---

[1] The court erroneously referred to this pleading as Dkt. No. 315 during the hearing.

1

the defense filed a "sur-reply," dkt. no. 317). The court indicated that it had an order ruling on the defendant's request to admit portions of the recorded conversations, but had paused when the defendant had stated at the October 16 status that the court's ruling on the government's motion to admit portions of the conversations (Dkt. No. 342) could impact the portions it wanted admitted. The court observed that based on information it had received from defense counsel last night or this morning, it appeared that the defendant still wanted the court to rule on numerous portions of the conversations; the court told the parties that it had not been able to complete a ruling prior to the government filing its notice of appeal. The court opined, however, that the Seventh Circuit's decision on appeal could impact the court's ruling on the excerpts the defendant sought to admit, and therefore that it did not have jurisdiction to rule on the motion until the appeal was concluded and the case returned to the district court.

At Dkt. No. 277-VIII, the defendant had asked the court to preclude the government from challenging the defendant's translations of certain conversations. The court observed that the parties had reported more than once that they were working on a stipulation, but that they hadn't filed one. This motion remains pending.

In the last few days, the defendant had filed Dkt. No. 357 (the defendant's motion *in limine* asking the court to bar "Steve's" statements to the agents); Dkt. No. 358 (the defendant's motion *in limine* asking the court to "conform" exhibits and testimony with this court's orders at docket numbers 333 and 342; and Dkt. No. 364 (the defendant's motion *in limine* asking the court to require the government to file a summary of expert witness Lindeman's anticipated testimony). The court had not ruled on any of these motions.

The court indicated that given the filing of the notice of appeal, it was not necessary for the court to rule on these motions right away. The court asked only if a party concluded that it needed a ruling on any of the motions prior to the Seventh Circuit's decision and remand, that party include in any such request briefing on whether the court has jurisdiction to rule on the motion.

2

Case 2:16-cr-00021-PP-WED   Filed 10/22/19   Page 2 of 2   Document 373