ATTACHMENT 1

The United States has agreed to exclude additional statements since the filing of the Defense brief, and this updated chart reflects those exclusions. We are grateful to the defense for assembling this chart.

| 1 | D.11 | A | p.3 | • Defense: the Court correctly ruled that the statement has little probative value under Seventh Circuit opinion and there is the risk of unfair prejudice. In addition, it is mostly Steve's hearsay and should be excluded.<br><br>• Government: Disagree; now admissible per Seventh Circuit. | | | |
|---|---|---|---|---|---|---|---|
| | | B | 4:1-7 | • The parties agree the statement comes into evidence. | | | |
| | | C | 4:8–30 | • The court previously admitted the statement. | | | |
| | | D | 4:31-38 | • Defense: the Court correctly ruled that the statements are not probative. In addition, the statements are inflammatory and unfairly prejudicial and are not affected by the court of appeal's decision.<br><br>• Government: Disagree; now admissible per Seventh Circuit. | | | |
| | | E | 4:39–41 | • Defense: the court acknowledged the excerpt's probative value but correctly held it was outweighed by the inflammatory nature. It should continue to be excluded as unfairly prejudicial.<br><br>• Government: Disagree; now admissible per Seventh Circuit. | | | |
| | | F | 4:42-46 | • The court previously admitted the statement. | | | |
| | | G | p. 5-6 | • Defense: the correctly acknowledged the excerpt's probative value but excluded it as unfairly prejudicial.<br><br>• Government: Disagree; now admissible per Seventh Circuit. | | | |
| | | H | 7:1-3 | • The court previously admitted the statement. | | | |
| | | I | 7:4-26, p.8-10 | 1 | 7:4 - 46 | • The parties agree to exclude the statement. | |

1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | 2 | 8 – 10 | • Defense: Court finds the statement is unfairly prejudicial. (The Court doesn't mention lines 27-46 but these are also not relevant, just about Christians in the middle east).<br><br>• Government: Disagree regarding 8-10; now admissible per Seventh Circuit. |
| | | J | 11:1-11 | | | • Defense: the Court correctly excluded this statement based on the prejudice attached to statements regarding Hamas.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | K | 11:12-13 | | | • The court previously admitted the statement. |
| | | L | 11:14-46, p.12 | 1 | 11:2 – 32 | • Defense: The Court correctly excluded this statement based on prejudice; it's all about Hamas and explosive belts and has no bearing on the issues in this case.<br><br>• Government: Disagree now admissible per Seventh Circuit. |
| | | | | 2 | 11:33 – all of 12 | • The parties agree to exclude the statement. |
| | | M | 13:1-4 | | | • The court previously admitted the statement. |
| | | N | 13:5-46 | 1 | 13:5 – 21 | • The parties agree to exclude the statement. |
| | | | | 2 | 13:22 – 46 | • Defense: The Court correctly ruled that the risk of prejudice outweighs the statement's probative value.<br><br>• Government: now admissible per Seventh Circuit. |
| | | O | 14:1-44 | | | • Defense: The Court correctly ruled that the risk of unfair prejudice outweighs the statement's probative value. The statements will only exploit (and inflame) religious biases against Muslims.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | P | 14:45-46, 15:14-17 | | | • The court previously admitted the statement. |
| | | Q | 15:18-46 | | | • The parties agree to exclude the statement. |

| | | R | 16:1-32 | | | • The parties agree to exclude the statement. |
|---|---|---|---|---|---|---|
| | | S | 16:33-36 | | | • The court previously admitted the statement. |
| | | T | 16:37-46 | | | • The parties agree to exclude the statement. |
| 2 | D.11 | 18:5-26:41 | | A | 18:5 – 12 | • The parties agree to exclude the statement. |
| | | | | B | 18:13 to 22:11 | • The parties agree to exclude the statement. |
| | | | | C | 22:12 to 23:20 | • Defense: The Court correctly ruled that the risk of unfair prejudice outweighs the statement's probative value. It is all about martyrdom and explosive belts and continue to be unfairly prejudicial.<br><br>• Government: Disagree regarding; now admissible per Seventh Circuit. |
| | | | | D | 23:21 to 26:41 | • The parties agree to exclude the statement. |
| 3 | D.11 | 32:43 – 33:18 | | | | • The parties agree to exclude the statement. |
| 4 | D.11 | 39:10-12 | | | | • The parties agree to exclude the statement. |
| 5 | D.14 | 4:17 – 8:25 | | A | 4:17- 8:13 | • Defense: The Court correctly ruled that the statement has no probative value and it carries too much prejudicial risk because of the repeated mention of martyrdom in Palestine.<br><br>• Government: Now admissible per Seventh Circuit. |
| | | | | B | 8:18 - 24 | • The parties agree the statement comes into evidence. |
| 6 | D.14 | 15:15-17 | | | | • The court previously admitted the statement. |
| 7 | D.22 | 16:6-43 | | | | • Defense: The Court correctly ruled on the risk of unfair prejudice and the lack of relevancy. The statements is all about travel to Palestine.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 8 | D.22 | 19:26 | | | | • Defense: The Court correctly ruled on the risk of unfair prejudice; it is a stand-alone statement about killing ten people and has no context or probative value towards predisposition.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |

3

| 9 | D.22 | 20:5-24 | | | <ul><li>Defense: The Court correctly ruled on the risk of unfair prejudice and the statement's lack of relevancy. It is all about travel to Palestine and whether the Israel government would know their names and whether they could escape custody. It has no bearing on predisposition or enticement.</li><li>Government: Disagree; now admissible per Seventh Circuit.</li></ul> |
|---|---|---|---|---|---|
| 10 | D.22 | 34:30-35 | | | <ul><li>Defense: The Court correctly ruled on the risk of unfair prejudice and the lack of relevancy. The statements is a stand-alone statement about his prayer for martyrdom. It has no context and no bearing on predisposition, while being highly inflammatory.</li><li>Government: Disagree; now admissible per Seventh Circuit.</li></ul> |
| 11 | D.22 | 36:4 – 37:26 | | | <ul><li>The parties agree to admit the statement.</li></ul> |
| 12 | D.22 | 38:12-16 | | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| 13 | D.22 | 39:18-20 | | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| 14 | D.22 | 40:13-21 | | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| 15 | D.22 | 42:7-30 | | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| 16 | D.22 | A | 43:8-14 | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| | | B | 43:15-40 | | <ul><li>The court previously admitted the statement.</li></ul> |
| | | C | 43:42 | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| 17 | D.22 | 52:40-46 | | | <ul><li>The parties agree to exclude the statement.</li></ul> |
| 18 | D.22 | A | 53:4-33 | | <ul><li>The parties agree the government can present the statement.</li></ul> |
| | | B | 53:34-45, 54:1-14 | | <ul><li>The court previously admitted the statement.</li></ul> |
| | | C | 54:15-46, p. 55 | 1 | 54:15 - 46 | <ul><li>Defense: The Court correctly ruled that the statement should be excluded because of its prejudicial nature. It is all about the best kind of death and the size of bullets. It has no bearing on predisposition.</li><li>Government: Disagree; all now admissible per Seventh Circuit.</li></ul> |
| | | | | 2 | 55:1 - 20 | <ul><li>The parties agree the statement comes into evidence.</li></ul> |
| 19 | D.22 | 78:15-32 | | | <ul><li>The parties agree to exclude the statement.</li></ul> |

4

| 20 | D.22 | 79:1-24 | | | • Defense: The court correctly ruled that the statements have no bearing on the issues in the case; the statements are all about avoiding detection in Israel and there are derogatory statement about Jews. The Court correctly held that the statements are unfairly prejudicial.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
|----|------|---------|---|---|---|
| 21 | D.22 | 81:30-36 | | | • The parties agree to exclude the statement. |
| 22 | D.25 | A | 15:1-11 | | • The court previously admitted the statement. |
| | | B | 15:13-46, p. 16 | | • Defense: The court correctly ruled that the statements have no bearing on the issues in the case; the statements are all about entry into Jerusalem; and the Court correctly held that the statements are unfairly prejudicial, not to mention they threaten to create a mini-trial about the Middle-East.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | C | 17:1-9 | | • The court previously admitted the statement. |
| | | D | 17:10-27 | | • Defense: The court correctly ruled on this in the original order as unduly prejudicial; it is all about Jerusalem and targeting Hassidic Jews in Israel. It is cumulative of many other statements.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 23 | D.30 | A | 25:5 | 1  25:5 - 15 | • Defense: The court correctly ruled that this statement is "highly inflammatory"; it is all about killing a lot of Jewish people and it is unfairly prejudicial.<br><br>• Government: Disagree regarding; now admissible per Seventh Circuit. |
| | | | | 2  25:16- 29 | • The parties agree to exclude the statement. |
| | | B | 26:1-8 | | • Defense: The Court has already correctly ruled on the risk of unfair prejudice and it being cumulative; it is all about Jerusalem and being a tourist there and killing Jewish people. This isn't part of the court of appeal's decision and should be excluded.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | C | 26:9-21 | | • The statements was previously admitted into evidence. |

| | | | | |
|---|---|---|---|---|
| | | D | 26:22-31, p. 27 | • Defense: The Court correctly ruled on the risk of unfair prejudice and the highly inflammatory nature of the statements; it is all about jihad the glory of Islam and killing lots of Jewish people. It is also cumulative of other statements.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 24 | D.30 | 29:1 – 30:22 | | • The parties agree the statement comes into evidence. |
| 25 | D.34 | 27:12-34 | | • The parties agree to exclude the statement. |
| 26 | D.34 | 31:16-18 | | • Defense: The Court correctly ruled on prejudice. The statement has no context and is simply about being American and having a weapon possibly escaping.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 27 | D.34 | A | 35:27 – 28 | • The parties agree to exclude the statement. |
| | | B | 36.1-:21 | 1 | 36:1 - 6 | • The parties agree to exclude the statement. |
| | | | | 2 | 36:7 - 21 | • Defense: The court correctly excluded it as inflammatory and irrelevant. It's all about cursing the prophet and curses upon the Mexicans at work that do.<br><br>• Government: Disagree regarding; now admissible per Seventh Circuit. |
| 28 | D.37 | 11:13 – 13:6 | | • The parties agree to exclude the statement. |
| 29 | D.45 | Call 4 5:36 – 6:45 | | • Defense: The court already ruled on prejudice. The statement has no context it's just Hamzeh's rant, insulting random nationalities—French, Italians, Americans.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 30 | D.45 | Call 4 9:2-14 | | • Defense: The court already ruled on prejudice; the statement is about jihad and getting weapons in Palestine.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 31 | D.45 | A | Call 5 9:1-11 | • The court previously admitted the statements. |

6

| | | | | |
|---|---|---|---|---|
| | | B | Call 5 9:12-35 | • Defense: The court previously ruled on prejudice. It also threatens to exploit religious bias with talk about the Quaran and jihad and paradise.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 32 | D.51 | A | 20:23-26, 21:1-2 | • Defense: The court has already ruled on the lack of clarity, not clear on shooting in the air or people. It isn't affect by the appellate court's decision.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | B | 21:3-26, 22:1-26 | • The court previously admitted the statements. |
| 33 | D.73 | 17:1 – 21:3 | | • The court previously admitted the statements. |
| 34 | D.73 | A | p. 25-26, 27:1-5 | • Defense: The court previously saw the probative value in the statement but correctly kept it out based on unfair prejudice. Furthermore, it's not affected by the appellate court's decision.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | B | 27:6-40, p. 28 | • The court previously admitted the statements. |
| 35 | D.73 | A | p. 31-33 | • The Defense: The court correctly excluded the statements as "highly inflammatory" and unfairly prejudicial. It's about Molotov cocktails and burning down Masonic Temples.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | B | 34:1-35 | • The court previously admitted the statements. |
| | | C | 34:36-40, p. 35 | • Defense: The court correctly admitted the parts that bear on predisposition and enticement (listed above) and excluded the irrelevant and highly prejudicial statements about masks and grabbing people and hurting them. The court of appeals decision does not affect this excerpt.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |

Case 2:16-cr-00021-PP   Filed 11/09/21   Page 7 of 12   Document 402-1

| 36 | D.73 | 76:2 – 77:4 | • Defense: The court correctly excluded the statement as irrelevant; it is only Hamzeh talking about his dream. It is not part of the categories that the court of appeals ruled on.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
|---|---|---|---|
| 37 | D.73 | 81:18 – 88:7 | • Defense: The court correctly excluded the statement; it's simply the introduction with the tour guide at the Temple and walking around the temple. This is not anything close to the categories the court of appeals touched upon and should continue to be excluded.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 38 | D.73, Part 8 | A | p. 5-6, 7:1-41 | • The court previously admitted the statements. |
| | | B | 7:42, p. 8-13, 14:1-42 | • Defense: the Court correctly excluded the statement based on the very real risk of unfair prejudice: "They raise the risk that the jury will convict the defendant for his cold, calculating and chilling words, and not because he possessed the charged items." R.342:38. Much of it is also irrelevant conversations touching upon Mo and Hamas, topics that the court of appeals did not touch upon.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | C | 14:42-45, p. 15 | • The court previously admitted the statements. |
| | | D | p. 16 | • The parties agree to exclude the statement. |
| | | E | p. 17:1-33 | • The court previously admitted the statements. |
| | | F | 17:33-21 | • Defense: The court correctly ruled on the fact that the misinformation about the Masons that isn't relevant and many pieces are highly inflammatory and carry the risk of unfair prejudice. Further, the topic isn't touched upon by the appellate court's decision.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | G | 21:35, p. 22-23 | • The court previously admitted the statements. |

| | | H | p.24-25 | 1 | 24:1- 13 | • The parties agree to exclude the statement. |
|---|---|---|---|---|---|---|
| | | | | 2 | 24:14-25:28 | • Defense: The court correctly excluded it as inflammatory and unfairly prejudicial. It's all about Hamzeh not using marijuana and changing the dates of "the plan." This doesn't pertain to the court of appeal's decision, and the part about how many they'd kill is inflammatory and cumulative.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 39 | D.79 | A | p. 6-7, 8:1-42 | | | • Defense: the Court correctly ruled that the statement is irrelevant; it's the men's views on Mo. And it isn't touched upon by the court of appeals decision. The statements carry the risk of confusion and unfair prejudice.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | B | 8:42-47 | | | • The parties agree the statement comes into evidence. |
| | | C | 9:1-45, p. 10 | | | • The parties agree the statement comes into evidence. |
| 40 | D.79 | 27:22 – 28:14 | | | | • Defense: The court correctly ruled: "This excerpt is a discussion of Mo and what is in Mo's heart. It is irrelevant and confusing, and the court will exclude it." Nothing in court of appeals decision touches on that.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 41 | D.79 | 32:20-46 | | | | • The parties agree to exclude the statement. |
| 42 | D.79 | 48:37 – 49:31 | | | | • Defense: The court correctly excluded the conversation, it's a continuation of the Mo conversation. It is irrelevant and confusing, and nothing in court of appeals decision touches on that.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 43 | D.79 | 78:32 – 80:42 | | | | • The parties agree the statement comes into evidence. |
| 44 | D.84 | A | 16:40-46, 17:1-19 | | | • The parties agree the statement comes into evidence. |
| | | B | 17:21-37 | | | • The parties agree the statement comes into evidence. |

| 45 | D.84 | A | p. 35-37, 38:1-2 | | | • The parties agree the statement comes into evidence. |
|---|---|---|---|---|---|---|
| | | B | 38:5-46, p.39-40, 41:1-28 | | | • The court previously admitted the statement into evidence. |
| | | C | 41:29-46 p. 42-48. | 1 | 41:29 - 42:33 | • The parties agree to exclude the statement. |
| | | | 49:1-36 | 2 | 42:34 - 43:12 | • Defense: This is all the chilling detailed plans about killing. The Court previously held that "the risk of unfair prejudice far outweighs any probative value this portion of the excerpt may have." R.342:42.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | | | 3 | 43:13 - 44:23 | • The parties agree to exclude the statement. |
| | | | | 4 | 44:25 - 49:33 | • Defense: This is all the chilling detailed plans about who will do what during the killing. The Court previously held that "the risk of unfair prejudice far outweighs any probative value this portion of the excerpt may have." R.342:42.<br><br>• Government: Disagree, now admissible per Seventh Circuit. |
| | | D | 49:33–36 | | | • The parties agree it should be admitted. |
| | | E | 49:37-46 | | | • The court previously admitted the statement into evidence. |
| | | F | p. 50-52 | | | • Defense: The court correctly held that "[t]his portion carries a very high risk of undue prejudice." The conversation about murdering children. This doesn't come in under the court of appeals ruling and should be excluded. The risk of unfair prejudice is too great.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| 46 | D.84 | 45:27-47:20 | | | | • The parties agree to exclude the statement. |
| 47 | D.84 | Parts 3 & 4, 34:40 – 37:5 | | | | • The court previously admitted the statements. |
| 48 | D.86 | 18:9 – 19:26 | | | | • The court previously admitted the statements. |

| 49 | D.86 | 40:31 – 41:4 | | | • The parties agree to exclude the statement. |
|---|---|---|---|---|---|
| 50 | D.90 | p. 10 (portion) -13 (portion) | | | • Defense: This is more of the chilling detailed plans about who will do what but this time its in Indiana. The Court previously held that "the risk of unfair prejudice far outweighs any probative value this portion of the excerpt may have." R.342:42.<br><br>• Government: Now admissible per Seventh Circuit. |
| 51 | D.90 | A | p. 29, portion | | • Defense: This is all about what to with the children. The court ruled: "The court agrees—this is another discussion of what to do with any children who may be in the building and a discussion of whether the location is near a highway. The court will exclude this portion." 342:44. It carries a high risk of unfair prejudice.<br><br>• Government: Disagree; now admissible per Seventh Circuit. |
| | | B | Id. portion | | • The court previously admitted the portion of the statement. |
| | | C | 30-33 | | • Defense: the Court correctly ruled on the risk of unfair prejudice: It contains more detailed discussions of how the shooting will be carried out, and the risk of undue prejudice outweighs any possible probative value. |
| | | | | 1 | • Government: Disagree regarding 30-31; now admissible per Seventh Circuit. |
| | | | | 2 | • Government: Fine to cut 32-33. |
| 52 | D.90 | A | p.35–36 portion | | • The parties agree to exclude the statement. |
| | | B | 36-38 | | • The court previously admitted the portion of the statement. |
| | | C. | 39 | 1 | • The parties agree this line comes into evidence: "Listen, what we need from these people, two machine guns, and three silencers and three magazines." |
| | | C | Page 39 | 2 | • The parties agree to exclude the statement except the explicitly admitted line above |
| 53 | D.92 | 13:13-15 | | | • The parties agree to exclude the statement. |
| 54 | D.95 | 12:20 – 13:9 | | | • The parties agree the statement comes into evidence. |
| 55 | D.99 | 15:2 – 16:19 | | | • The court previously admitted the statement. |
| 56 | D.104 | 15:22 – 16:25[1] | | | • The parties agree the statement comes into evidence. |

---

[1] This transcript's description on top and the substance differ, for ease of understanding we have used the description.

| 57 | D.104 | A | 35:6 –9 | • The court previously admitted the statement . |
|----|-------|---|---------|------------------------------------------------|
|    |       | B | 35:11   | • The parties agree to exclude the statement. |
| 58 | D.104 | 46:2-6 | | • The court previously admitted the statement. |