UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              Case No. 16-CR-21

SAMY MOHAMMED HAMZEH,

Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, along with Benjamin Taibleson and Kevin Knight, Assistant United States Attorneys, and the defendant, Samy Mohammed Hamzeh, individually and by attorneys Craig Albee and Joseph Bugni, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged, in a three-count indictment, with three violations of Title 26, United States Code, Section 5861(d).

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorneys.

4.      The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about January 25, 2016, in the state and Eastern District of Wisconsin,

### SAMY MOHAMMED HAMZEH,

knowingly received and possessed a firearm, an H&K MP-5 SD 9mm machinegun, serial number S93040, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. The information in Attachment A is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, the offense.

### PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a ten-year maximum term of imprisonment, a maximum fine of $250,000, and a maximum term of supervised release of three years. The offense also carries a mandatory special assessment of $100.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorneys.

### DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

9.      The parties understand and agree that in order to sustain the charge of receiving and possessing an unregistered firearm as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

First, that Hamzeh consciously possessed a firearm;

Second, that Hamzeh was aware that the firearm was a machinegun; and

Third, that the machinegun was unregistered.

## SENTENCING PROVISIONS

10.      The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11.      The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12.      The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorneys in turn have discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13.      The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to

3

withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 18 under Sentencing Guidelines Manual § 2K2.1(a)(5).

## Specific Offense Characteristics

17.     The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase under Sentencing Guidelines Manual § 2K2.1(b)(1)(A) is applicable to the offense level for the offense charged in Count One, insofar

4

as the offense involved a total of three firearms. The parties acknowledge and understand that the defendant will not join in this recommendation.

18.     The parties acknowledge and understand that the government will recommend to the sentencing court that a 4-level increase under Sentencing Guidelines Manual § 2K2.1(b)(6)(B) is applicable to the offense level for the offense charged in Count One, insofar as defendant possessed the firearms described in Attachment A with reason to believe that they would be used or possessed in connection with another felony offense. The parties acknowledge and understand that the defendant will not join in this recommendation.

19.     The parties acknowledge and understand that the government will recommend to the sentencing court that, pursuant to Sentencing Guidelines Manual § 2K2.1(c)(1)(A), Sentencing Guidelines Manual § 2X1.1 applies to the offense level for the offense charged in Count One, insofar as the defendant possessed the firearm cited in the offense of conviction knowing and intending that it would be used and possessed in connection with another offense— attempted murder. As a result, the government will recommend that the defendant's base offense level be increased to 33 pursuant to Sentencing Guidelines Manual § 2A2.1. The parties acknowledge and understand that the defendant will not join in this recommendation.

### Acceptance of Responsibility

20.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

5

## Sentencing Recommendations

21.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offenses as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

22.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

23.     The government agrees to recommend a sentence including no more than 60 months of imprisonment.

## Court's Determinations at Sentencing

24.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

25.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

26.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.  The defendant further understands that any payment schedule imposed

6

by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Fine

27.     The parties agree to recommend that no fine be imposed.

### Special Assessment

28.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### DEFENDANT'S WAIVER OF RIGHTS

29.     In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a.     If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

    b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

7

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

8

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

33. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255 – except insofar as his sentence includes a term of imprisonment of greater than 60 months, in which case this waiver does not apply to his right to appeal his sentence. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum as set forth at paragraphs 6-8, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict

9

rights and opportunities of the defendant to contract with or receive assistance, loans, and

benefits from United States government agencies.

## **GENERAL MATTERS**

35.     The parties acknowledge, understand, and agree that this agreement does not

require the government to take, or not to take, any particular position in any post-conviction

motion or appeal.

36.     The parties acknowledge, understand, and agree that this plea agreement will be

filed and become part of the public record in this case.

37.     The parties acknowledge, understand, and agree that the United States Attorney's

Office is free to notify any local, state, or federal agency of the defendant's conviction.

38.     The defendant understands that pursuant to the Victim and Witness Protection

Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the

United States, the victim of a crime may make a statement describing the impact of the offense

on the victim and further may make a recommendation regarding the sentence to be imposed.

The defendant acknowledges and understands that comments and recommendations by a victim

may be different from those of the parties to this agreement.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

39.     The defendant acknowledges and understands if he violates any term of this

agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

appear for sentencing, this agreement shall become null and void at the discretion of the

government. The defendant further acknowledges and understands that the government's

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea

agreement is revoked or if the defendant's conviction ultimately is overturned, then the

government retains the right to reinstate any and all dismissed charges and to file any and all

10

charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorneys have reviewed every part of this agreement with me and have advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorneys and I am satisfied that my attorneys have provided effective assistance of counsel.

Date: 11-18-21

SAMY MOHAMMED HAMZEH
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 11/18/2021

CRAIG ALBEE
JOSEPH BUGNI
Attorneys for Defendant

For the United States of America:

Date: 11/18/2021

RICHARD G. FROHLING
Acting United States Attorney

Date: 11/18/21

BENJAMIN TAIBLESON
KEVIN KNIGHT
Assistant United States Attorneys

12

## Attachment A

Had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt. These facts are based upon the anticipated testimony of cooperating sources, citizen witnesses, and law enforcement agents; electronic surveillance; and physical evidence. The information is provided for the purpose of setting forth a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, the offense.

### Overview

In the weeks leading up to January 25, 2016, Defendant Samy Mohammed Hamzeh (Hamzeh) asked a confidential source (CS) to arrange a purchase of machineguns and silencers. Hamzeh specifically requested machineguns and acknowledged that the machineguns were capable of automatic fire. Hamzeh also acknowledged during those conversations that silencers reduce the sound produced by automatic weapon fire. These conversations were audio recorded.

On January 25, 2016, Hamzeh and the CS—along with a second CS with whom Hamzeh had been discussing machineguns and silencers—met with undercover law enforcement agents (UCs) who were posing as firearms dealers. The UCs displayed machineguns and a silencer to Hamzeh, explained that the machineguns were capable of fully automatic fire, and explained the selector function on the firearms. Hamzeh and the UCs agreed on a price and Hamzeh handed the cash to them. In exchange, Hamzeh took possession of the machineguns and the silencer, carried them to a CS's car, and placed them in the trunk. Hamzeh was then taken into custody, and the machineguns and silencer were recovered from the trunk. The January 25, 2016 purchase was both audio and video recorded. Those recordings show Hamzeh receiving and possessing the two machineguns and the silencer. They additionally reflect that Hamzeh confirmed, with the UC's, that the silencer would suppress the sound of automatic weapon fire.

In a post-arrest interview, Hamzeh admitted that he had sought and obtained the machineguns and silencer.

Law enforcement agents have test-fired each of the machineguns that Hamzeh received and possessed. Those tests have confirmed that each of the firearms is a fully functioning select fire weapon that can be fired in both fully-automatic and semi-automatic modes.

One of the machineguns purchased by Hamzeh is an H&K MP-5 SD 9mm, serial number S93040 and the other is an H&K MP-5 10 mm, serial number 68-3049. The silencer purchased by Hamzeh bears serial number 93040. None of those three firearms are registered to Hamzeh in the National Firearms Registration and Transfer Record.