UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE:          May 25, 2022
JUDGE:         Pamela Pepper
CASE NO:       2016-cr-21
CASE NAME:  United States of America v. Samy Mohammed Hamzeh
NATURE OF HEARING:       Sentencing
APPEARANCES:            Benjamin Taibleson – Attorney for the government
                        Kevin Knight – Attorney for the government
                        Craig Albee – Attorney for the defendant
                        Joseph Bugni – Attorney for the defendant
                        Samy Mohammed Hamzeh – Defendant
                        Hannah Graham – US Probation
COURT REPORTER:         Susan Armbruster
COURTROOM DEPUTY:       Kristine Wrobel
TIME:                   1:32 p.m. – 3:02 p.m.

**AUDIO OF THIS HEARING AT DKT. NOs. 421 and 422**

The defendant pled guilty to Count One, receiving and possessing a firearm, an H&K MP-5 SD 9mm machinegun, serial number S93040, not registered to him in the National Firearms Registration and Transfer Record.

The court listed the relevant sentencing documents and confirmed that defense counsel had reviewed those documents with the defendant and that the prosecutor had reviewed them.

The court explained to the defendant that the Sentencing Guidelines calculations were advisory, but that the law required the court to calculate them and then consider them along with the §3553 factors.

The court made the following findings as to the offense level(s):

Count One
Base offense level: 18, §2K2.1(a)(5) because the offense involved a firearm described in 26 U.S.C. §5845(a).
        Objection(s):  ☐ Yes      ☒ No

Enhancements: 2 level(s), §2K2.1(b)(1)(A) because the offense involved three or more firearms.
        Objection(s):  ☒ Yes      ☐ No

The defendant objected to this enhancement, arguing that the machinegun and the silencer constituted one prohibited firearm and that the firearm purchased by "Steve" should not be attributed to the defendant. For the reasons stated on

1

the record, the court overruled the defendant's objection and applied the two-level enhancement, concluding that the offense involved three or more firearms

Enhancements: 4 level(s), §2K2.1(b)(6)(B) because the defendant possessed a firearm in connection with another felony offense or with reason to believe that it would be used in connection with another felony offense.
        Objection(s):  ☒ Yes        ☐ No

The defendant objected to this enhancement, arguing that the defendant did not intend to use the firearm to commit any other felonies. For the reasons stated on the record, the court sustained the defendant's objection and did not apply the four-level enhancement for possession of a prohibited firearm in connection with another felony offense or with reason to believe that it would be used in connection with another felony offense.

Cross Reference base offense level: 33 level(s), §2A2.1(a)(1) because the defendant possessed any firearm in the offense of conviction with the knowledge or intent that it would be used or possessed in connection with another offense, and the firearm is cited in the offense of conviction.
        Objection(s):  ☒ Yes        ☐ No

The defendant objected to the cross-reference base offense level for the same reasons he objected to the four-level enhancement under §2K2.1(b)(6)(B). The court noted that the standard for sentencing was by preponderance of the evidence and concluded that the government had not demonstrated by a preponderance of the evidence that the defendant intended to use the firearm to commit a deadly assault. The court did not utilize the offense level of 33.

Reductions: 3 level(s), §3E1.1(a) and (b) for timely acceptance of responsibility.
        Objection(s):  ☐ Yes        ☒ No
Adjusted offense level: 17
        Objection(s):  ☐ Yes        ☒ No

The court made the following findings regarding the criminal history category:

Criminal history points: 0, yielding a criminal history category of I.
        Objections:  ☐ Yes        ☒ No

The court found that the adjusted offense level of 17 in criminal history category I  resulted in an advisory sentencing range of 24-30 months.
        Objections:  ☐ Yes        ☒ No

Government's recommended sentence: 60 months followed by 3 years of supervised release.
Defendant's recommended sentence: time served with no further supervision.

The court imposed a sentence of: time served.
      Supervised Release: no further supervision
      Special Assessment: $100.00
      Fine: Not imposed
      Restitution: None

The defendant had waived his right to appeal the sentence. The court explained that the defendant could appeal the sentence if he believed it to be unlawful.

Case 2:16-cr-00021-PP   Filed 05/25/22   Page 3 of 3   Document 426